### HOWE *vs.* PECKHAM.

Where an injury has resulted both to the person and the property of another, from an act of negligence on the part of the defendant, both causes of action may be joined in the same complaint.

DEMURRER to complaint. The complaint alledged that the plaintiff was driving a horse, harnessed into the shafts of a one-horse wagon, along a public highway; that the defendant was a short distance behind the plaintiff, driving two horses hitched to a sled, and traveling in the same direction. That the defendant left his horses carelessly and negligently to travel along the highway without a driver, and that while so left, the defendant's horses started into a run, and ran over the plaintiff and greatly damaged his *person*, and also greatly damaged the plaintiff's *horse, wagon and harness*, and caused his horse to run away. The complaint closed with this averment, " and that all of the same were caused and occasioned in manner and form aforesaid, by the gross and willful carelessness and negligence of said defendant, as before stated and set forth." The defendant demurred, on the ground that the complaint was drawn in violation of the 167th section of the code, and that the plaintiff could not recover damages for injuries to the person and injuries to property, in the same action, &c. &c.

*H. C. Goodwin* and *J. P. Whittemore*, for the plaintiff.

*A. N. Sheldon*, for the defendant.

MASON, J.  There is no doubt in my mind that the complaint states a good cause of action in case, or what would have been an action upon the case under the former system of pleading and upon the principles of the common law. It is a complaint in which the plaintiff has made the negligence of the defendant the ground of action, and in which the damages, both

Howe v. Peckham.

to the plaintiff's person and his property are claimed as a consequence of the negligence, or as resulting from the negligence complained of. This was a familiar mode of declaring under our former system, for the rule is well settled by a long series of adjudications, both in England and in this country, that in this class of actions, if it appears that the injury was attributable to negligence, though it were immediate, the party injured has an election either to treat the negligence of the defendant as the cause of action and to declare in case, or to consider the act itself as the injury and declare in trespass. (*Williams v. Holland*, 10 *Bing. R.* 112, 117. *Blin* v. *Campbell*, 14 *John. R.* 433. *Wilson* v. *Smith*, 10 *Wend.* 328. 1 *Chitty's Pl.* 127, 128.) And it should be borne in mind that where the injury resulted from the one negligent act of the party, as in the present case, it constitutes but one cause of action. The running against the plaintiff's carriage in the highway, and upsetting the plaintiff and injuring him by the careless negligence of the defendant, never constituted but one cause of action, and the plaintiff recovered his damages as well for his personal injuries as for the injuries to his property. This is a salutary rule ; for where an injury has resulted, both to the person and the property of the plaintiff from one single act of negligence of the defendant, the law ought not to be guilty of so great folly as to compel the plaintiff to sustain the burthen and expense of two suits to recover his damages. And the courts, which have been so fastidious to avoid circuity of action, ought not to require it, unless the innovating spirit of the legislature has passed a statute which compels the courts thus to divide up claims for damages resulting from a single act. The defendant's counsel insists that the 167th section of the code imposes this rule upon the courts. I feel constrained to say, however, after a most careful examination of the statute and the best deliberation which I have been able to bestow upon the case, that I do not think this statute has the effect which the counsel for the defendant attributes to it. The section reads as follows : "The plaintiff may unite several causes of action in the same complaint when they all arise out of 1st, contract expressed or implied ; 2d, injuries,

with or without force, to the person ; 3d, injuries with or without force, to the property, &c." And then follows this provision, " But the causes of action so united must belong to one only of these classes," &c. I do not discover any thing in this section which requires a plaintiff to sever a single cause of action. The demurrer in this case is not well taken, in my opinion, for the reason that the plaintiff has not united several causes of action in the same complaint. He has only stated one cause of action. This section never was intended, it seems to me, to sever a cause like that set forth in this complaint. The legislature, in using the terms "several causes of action," in this section, must have had reference to the causes of action as they were then bounded, limited and defined by the common law ; for there was no other resort to ascertain what constituted a cause of action.

The rule is a familiar one that statutes are to be construed in reference to the principles of the common law, in force at the time of their passage ; for it is not to be presumed that the legislature intended to make any innovation upon the common law, further than the case absolutely required. (4 *Kent's Com.* 464, 3 *ed.*) This 167th section, instead of severing causes of action as they existed at the time of the passage of the statute, and thereby creating a multiplicity of suits, was, I have no doubt, intended by the framers thereof to lessen suits, and diminish their number, by allowing the plaintiff to bring into the same suit and recover his damages for half a dozen or any greater number of assaults and batteries committed upon distinct and independent occasions. And so he may join in the same action with assault and battery, any other injury to the person.

But again, the code does not abolish in any manner the causes of action as they existed before the passage of that act. Nor does the code in any way define what shall constitute a cause of action. It leaves all this matter, as it was at common law, or in equity, before the code was passed. It is true the 69th section has abolished the forms of the action, but it leaves, as we have before said, the causes as they were, and it was never intended to trench upon their boundaries, so far as the cause of action is

---

concerned. The causes of action in case are perfectly preserved under the code, although the form of prosecuting the particular action is abolished, as it was before the code ; and if it suits the meaning of the code language any better, we will say the forms of action upon the case are abolished, while the substance of the action, with all its elements, is most perfectly retained. If I am right in the opinion above expressed, it follows that the plaintiff must have judgment upon this demurrer, with leave to the defendant to answer the complaint on the payment of costs.

