Robertson, Ch. J.
The learned judge, before whom the issues of fact in this action were tried, charged the jury, “ that the only question for them to consider was the amount of damages, and that they should “ render a verdict for *. * the value of the property, at the time a demand was made by the plaintiff for its delivery.” He thus confined them to giving damages for the trespass charged in the complaint, of taking away and converting the property therein mentioned, and withdrew from their consideration all other matters charged in the complaint.
The counsel for the defendant requested the judge to charge the jury, “that, if the defendant rightfully entered and removed the plaintiff’s goods from the premises,” the “ action in the form in which it ” was brought, could “not be maintained, even if the defendant subsequently wrongfully refused to let the plaintiff have his goods.” Which request was refused, and an exception taken to such refusal. Construing such request strictly, it would be answered by section 69 of the Code of Procedure, which provides that, after it took effect, there should be “but one form of action,” which should be “ denominated a civil action.” That provision destroyed that incubus upon the administration of substantial justice, called “the form of the action,” which was sustained by fine spun distinctions, and hemmed in suitors seeking to enforce or protect their rights, or redress wrongs done to them, with technicalities at every stage of their proceedings, and finally tripped them up, by a motion in arrest of judgment, even after a verdict in their favor. Assuming, however, that the objection was aimed at the complaint, and not at the action, the question is then presented,'whether the. plaintiff was, under the present mode *173 of proceedings, to be prevented from recovering tbe value of his property, unlawfully carried away, because, although he established the fact, he had inserted the allegation that the defendant carried it away and converted it, in the .same statement with allegations of a forcible entry on the plaintiff’s premises, constituting a separate cause of action, which he could not prove.
It is assumed in the argument, against the plaintiffs’ right so to recover, that .the allegation of the taking away and converting the plaintiffs’ property, is what formerly would have been considered a statement of a cause of action in trover, as it was termed, a species of the form of action called case, applicable only to injuries without force. I think this is a mistake. In the old action- of trover, the subject of dispute was not the mere right of possession; it embraced the question of ownership also ; so that the defendant could set up title in a stranger, as a defense, (Schermerhorn v. Van Volkenburgh, 11 John. 529,) for in it the plaintiff was obliged to admit in his declaration, that the defendant’s first possession was lawful, by being required to allege that he accidentally found the goods which he after-wards converted.' But in an action of trespass for unlawfully taking and carrying away goods, title in a third person only constituted a defense, when authority from him to the defendant was coupled with it. (Aikin v. Buck, 1 Wend. 469. Demick v. Chapman, 11 John. 132. Cook v. Howard, 13 id. 276.) So that the technical objection is not tenable, that formerly an allegation of taking and carrying away goods contained in a declaration in which a trespass quare clausum fregit was set forth, was only available to enhance the damages for such main cause of action and could not be introduced therein by way of a separate cause of action as a trespass de bonis asportatis, so as to have a separate recovery upon it if the forcible entry could not be proved. Both were trespasses, and could therefore always have *174 been joined in the same action, and a recovery had for either alone. Perhaps where the mere conversion of the goods alone, without an unlawful taking, was set forth, the question of aggravating the damages of a forcible entry would be alone involved, but I do not find any precedents of such a form of pleading, or any decisions upon them. In the case of Cooper v. Bissell, (16 John. 146,) there was a separate count in trover, and the court held that its joinder with one in trespass was fatal, even on error, at the same time expressing its regret that the rule was so. This doctrine was subsequently overturned in the case of Lovett v. Pell, (22 Wend. 369, opinion of Verplanck, sen. 374.) Formerly, therefore, if was at most a mere question of misjoinder of actions and not of any such subordination of the injury caused by carrying away the goods to that caused by breaking into the place of their deposit, as that the former must share the fate of the latter in the same suit, whatever it was. Such technical obj ections to the misj oinder of actions are mostly done away with by the Code of Procedure, which (§ 167) enumerates seven classes of causes of action that may be joined. The- only restrictions are that they affect all the parties to the action, and do not require separate places of trial; and are, of course, to be separately stated. One of those classes (the third) is, “ Injuries, with or without force to person and property, or either.” The words, “ with or without force,” in the alternative in such section, being intended to include all kinds of wrongs, whether accompanied by force or not, formerly called torts, and not to subdivide the class. In other words, the section was intended to abolish the absurd rules so difficult to be stated and constantly shifting, by which an injured party was put to the expense and trouble of bringing two suits instead of one, against a wrongdoer, for two different violations of law to his injury. (See opinions and cases cited as to fluctuations and uncer *175 tainty of rule, Brown’s Actions at Law, p. 559; Law Library, vol. 45.) So that even if the cause of action presented by the allegation in the present complaint, already alluded to, had been merely equivalent to a cause of action in trover,the plaintiff would not be prevented from recovering separately damages for it merely because it is joined in the same statement with a cause of action formerly the subject of an action of trespass, merely because their joinder was formerly prohibited.
As the taking forcibly and carrying away personal property, thus forms a good separate cause of action from that of unlawfully entering the plaintiff’s premises to get it, why should the insertion of the allegation of such taking and carrying away in the same statement with that of such unlawful entry, prevent the plaintiff from recovering damages for the former, even if the latter was not proved ? It certainly would not be merely because the conversion, which may accompany such seizing and carrying away, ever has been, or must be considered an indivisible part of the same act of trespass with such entry; for a defendant was always liable for the trespass of merely taking the goods, even if he immediately restored them. (Price v. Helyar, 4 Bing. 597.) Their conversion was admissible merely as an aggravation, as their restoration was, in mitigation, of damages. (Bac. Abr. Trespass, E, 669, 674.) "Whereas an action for the conversion of the goods, such as one in trover, does not require any unlawful taking, but does a detention of the goods. Such conversion, therefore, forms no inseparable part of a series of trespasses, beginning with that of forcibly entering the plaintiff’s premises, and a claim for it is capable of being joined with one for such trespasses. What technical rule then is there left to compel the plaintiff to commence a new suit for the injury which he has proved in this, as *176 he has alleged it in the complaint? For the objection must be entirely a technical one.
Ho one will venture to deny that, if the plaintiff had inserted before his allegation of the carrying away and converting his property, that he alleged it as a separate cause of action from the illegal entry on his premises, he could have recovered for it, even if he had failed in proving the latter. The defendant had notice by the complaint that the plaintiff meant to endeavor to prove it, and he was bound to be prepared to disprove it. Ho harm was done to him by the omission of the few words necessary to state a separation. The Code, it is true, provides that the several causes of action, which maybe joined, shall be separately stated, but the remedy is not by lying in wait until the trial to make the objection, nor by demurrer or motion to strike out either cause of action, or to compel the plaintiff to elect between them, because he has a right to join them; but by a motion to make the complaint definite and certain, so as to know whether the plaintiff means to rely on both or only one of the causes of action, and if so, which. (Wood v. Anthony, 9 How. 78.) The plaintiff would then have had an opportunity to amend his complaint by inserting the magic words, which would divide the causes of action into two. The court has even a discretion on such a motion to let a complaint stand where it is more convenient that several causes of action should be included in one statement, so as to make them the quasi items of one claim, (Adams v. Holley, 12 How. 329,) and several cotemporaneous trespasses may equally be so considered, without losing all because one is not proved. At all events, it is to be determined before the trial; otherwise we are retrograding into a more narrow and technical system of forms of proceeding than existed before.
The first and second requests of the defendant to the *177 learned judge to charge the jury upon certain points were rendered immaterial by confining the damages to the value of the property detained. The third request is founded wholly upon some supposed evidence of an agreement for storage. I think the learned judge was right in holding there was not enough evidence of such an agreement to go to the jury. The defendant saying to the plaintiff that they “would expect rent” for the place in question, and the latter’s replying that he would pay the same as he had been paying Mr. Townsend, if the former “ would let him store his goods ” there, and “ as soon as he (the defendant) found a tenant, he (the plaintiff) would move them out,” does not tend to establish an agreement for storage, but for hiring ly the month, at the pleasure of the defendant.
I do not find any errors in the decisions on the trial, and am therefore of opinion that the exceptions should be overruled and judgment given for the plaintiff on the verdict.