Judgment reversed and new trial granted, costs to abide the event.

---

ROBERT E. JACKSON, Appellant, v. PIERRE M. BROWN, Respondent.

*Pleading — joinder of causes of action — complaint alleging the loss of a servant's services from seduction and seeking to set aside a release of the damages.*

A complaint in an action brought to recover the damages occasioned by the loss of a servant's services by reason of her seduction does not improperly unite different causes of action when it seeks, in the form of a separate cause of action, to set aside a release of the cause of action for the damages resulting from such seduction, alleging that such release was obtained by fraud. (Code Civ. Proc. § 484.)

APPEAL by the plaintiff, Robert E. Jackson, from a final judgment of the Supreme Court, entered in the office of the clerk of Queens county on the 18th day of May, 1893, dismissing the complaint in accordance with the terms of an interlocutory judgment theretofore entered in said clerk's office on the 18th day of April, 1893, upon a decision of the court made at the Queens County Special Term, sustaining the defendant's demurrer to the complaint on the ground that causes of action were improperly united therein.

*Mansfield Compton*, for the appellant.

*A. A. Gardner*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon an order sustaining a demurrer to the complaint.

Nominally the first cause of action is for loss of services of a servant by reason of seduction by the defendant, and the second cause alleged is to set aside a release of the first cause of action obtained by fraud.

Although alleged as two causes of action there is really but one, the action for loss of services. The allegations relative to the release were merely incidental to the cause of action. It is true the plaintiff could have pleaded the loss of services and left it for the defendant to set up the release as a defense, and then avoided it on the ground that it was obtained by fraud, but the defendant is not prejudiced by the fact that it is made a part of the complaint.

We´also think this method of pleading is authorized by the Code (§ 484), but it may not be greatly commended.

The case resembles the familiar method often employed when it is sought to reform a policy of insurance and then recover upon it as reformed.

Judgment reversed and new trial awarded, with costs to the defendant to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order sustaining demurrer to complaint and judgment thereon reversed and new trial granted, costs to abide event.