### PEOPLE v. WELLS et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1900.)

JOINDER OF CAUSES—CONSISTENCY.
    Laws 1895, c. 395, § 280, as amended by Laws 1896, c. 114, provides a penalty for cutting trees on the forest preserve. Code, § 1667, gives the owner of land an action against any one who cuts down or carries away any tree or timber from the land without the owner's consent. Code, § 484, allows the joinder of two or more causes of action, whether legal or equitable, in the same complaint, where they are brought to recover "(4) for injury to real property; * * * (9) upon claims arising out of the same transaction or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section; (10) for penalties incurred under the fisheries, game and forest law,"—where it appears on the face of the complaint that the causes united are consistent with each other, and that they do not require different places of trial. *Held*, that a cause of action for penalties specified in

subdivision 10 is improperly united with a cause of action for injury to real property specified in subdivision 4 when it does not appear on the face of the complaint that the two causes of action arose out of the cutting of the same trees.

Williams, J., dissenting.

Appeal from special term, Oneida county.

Action by the people against John Wells and Talcott Wells for penalties for cutting timber on the forest preserve, and for damages for injury to real property. From a judgment sustaining defendants' demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Clarence W. Smith, for appellant.
Charles L. Adams, for respondents.

McLENNAN, J. Concededly two distinct causes of action against the defendants are set forth in the complaint; one cause of action "for penalties incurred under the fisheries, game, and forest law," specified in subdivision 10 of section 484 of the Code of Civil Procedure, and given to the plaintiff by section 280, c. 395, Laws 1895, as amended by chapter 114, Laws 1896, which provides as follows:

"The board of fisheries, game and forest may bring, in the name of the people of the state, any action to prevent trespass upon or injury to the forest preserve, and recover damages therefor, * * * or for the maintenance and protection of the forest preserve, which any owner of land would be entitled to bring, or for cutting or carrying away * * * any tree, bark or timber within the forest preserve, * * * or from any land or lands now owned by the state, or which may be hereafter acquired by the state. Every person violating the provisions of this section relating to the cutting or carrying away any wood, timber, tree or bark, shall be guilty of a misdemeanor, and in addition shall forfeit to the state the sum of $10.00 for every tree cut or carried away by him. * * * All moneys received under the provisions of this chapter, either upon civil or criminal prosecution, shall be paid to the board of commissioners, to be by it disposed of as hereinbefore provided. * * * The commissioners shall dispose of the fines and penalties received by them as follows: They shall deduct all expenses * * * and shall pay to the protector or forester * * * one-half of all recoveries, less the costs. * * * The remainder shall be used in the employment of surveyors and other persons assisting in procuring evidence to establish cases of trespass and other violations of this chapter."

The other alleged cause of action is for "injuries to real property," specified in subdivision 4 of the section, and is given to the plaintiff, as owner of the forest preserve, by section 1667 of the Code, which provides as follows:

"If any person cuts down or carries off any * * * tree or timber * * * on the land of another, without the owner's leave, * * * an action may be maintained against him by the owner."

Section 1668 provides:

"In an action brought as prescribed in the last section, the plaintiff may state in his complaint the amount of his damages, and demand judgment for treble the sum so stated. Thereupon, if the * * * decision awards him any damages, he is entitled to judgment for treble the sum so awarded, except that in either of the following cases judgment must be rendered for single damages only: (1) Where the decision finds affirmatively that the injury was casual or involuntary, or that the defendant when he committed the injury had

probable cause to believe that the land was his own. (2) Where the defendant has pleaded that the * * * decision finds affirmatively that the injury * * * was committed by taking timber for the purpose of making or repairing a public road, * * * or for like purpose, by the authority of the commissioners or overseer of highways."

The complaint in this case alleges:

"First. That this action was brought pursuant to and on the order of J. Warren Pond, as chief fish and game protector and forester of the estate of New York, * * * for the violation of section 280 of chapter 395 of the Laws of 1895, known as 'Chapter 31 of the General Laws,' and the provisions of the statute amendatory thereto. Second. On information and belief, that heretofore, and in the months of September, October, November, and December, 1898, and January, February, and March, 1899, in the town of Forestport, in the county of Oneida, defendants wrongfully and unlawfully entered upon the lands of the forest preserve of the state of New York, owned by and in the possession of the plaintiff, situate in said town and county, and described as follows: * * * containing 462 acres, more or less, and wrongfully and unlawfully * * * cut and carried· away * * * trees growing and standing upon said premises, * * * the property of the plaintiff herein, as follows, viz. 500 trees. Third. That said acts of defendants were committed by them without the license or consent of the plaintiff, * * * whereby plaintiff became entitled to maintain an action for such cutting, and these defendants thereby became liable to the plaintiff in the sum of $10 for every tree cut; * * * and this plaintiff is entitled to recover from said defendants the sum of $5,000 as and for a penalty and forfeiture provided by said statute, for which sum plaintiff demands judgment.

"For a second and further cause of action, the plaintiff herein shows upon information and belief: First. That heretofore, and during the months of September, October, November, and December, 1898, and January, February, and March, 1899, in the town of Forestport, county of Oneida, the defendants wrongfully and unlawfully entered upon lands in the forest preserve of the state of New York owned by and in the possession of the plaintiff, * * * described as follows [same description as in first cause of action] * * * containing 462 acres, more or less, and wrongfully * * * cut and carried away * * * 500 trees; that such trees were of the value of $5 each; whereby the plaintiff lost said trees and timber, and the defendants committed waste on said land, whereby they became liable to pay treble the amount of the actual damages sustained by this plaintiff, such actual damages being $2,500; and plaintiff demands judgment for the sum of $7,500. Wherefore, plaintiff demands judgment against these ·defendants in the sum of $12,500, besides the costs of this action."

The complaint so framed was demurred to on the ground, among others: "First. That the two causes of action set out in said complaint have been and are improperly united." The sufficiency of the demurrer must be determined by the provisions of section 484 of the Code of Civil Procedure. The section provides that:

"The plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows."

The fourth, ninth, and tenth subdivisions are the only ones material to this controversy. They read as follows:

"(4) For injury to real property. * * * (9) Upon claims arising out of the same transaction or transactions, connected with the same subject of action, and not included within one of the foregoing subdivisions of this section. (10) For penalties incurred under the fisheries, game and forest law."

The concluding paragraph of the section is as follows:

"But it must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section;

that they are connected with each other, and except as otherwise prescribed by law that they affect all the parties to the action; and it must appear upon the face of the complaint that they do not require different places of trial."

It is said in De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455, that by the section in question "the legislature has indicated with great clearness and particularity the causes of action that may be united in the same complaint. The test is very simple, as all causes of action united must belong to the same subdivisions of the section we are considering." Notwithstanding this apparently simple test, the correct interpretation of the section has caused much discussion in the courts of this state ever since the adoption of the first Code of Procedure, which contained a section (167) similar in its provisions to the one now under consideration. In the case of Railroad Co. v. Schuyler, 17 N. Y. 592, Judge Comstock, in speaking of the corresponding section of the old Code, says:

"Because it [the section] is so obscure and so general as to justify the interpretation which shall be found most convenient and best calculated to promote the ends of justice."

As a result of the decisions, however, we think it must now be regarded as settled that under subdivision 9 of the section causes of action specified in two or more of the preceding subdivisions 1 to 8, inclusive, may be united if it appears upon the face of the complaint that they arose out of the same transaction, connected with the same subject of action, are not inconsistent with each other, affect all the parties to the action, and do not require different places of trial. Substantially that construction was given to the corresponding section of the old Code (section 167) in Howe v. Peckham, 10 Barb. 656. In that case it was held that the plaintiff was entitled to recover in the same action for damages sustained by reason of the negligence of the defendant, resulting in injuries to the person, specified in subdivision 2 of section 167 of the Code then in force, and for injuries to his property, specified in subdivision 3 of said Code. Polley v. Wilkisson, 5 Civ. Proc. R. 135; Taylor v. Railroad Co., 55 N. Y. Super. Ct. 555; Rosenberg v. Railroad Co. (Com. Pl.) 14 N. Y. Supp. 476; Jackson v. Brown, 74 Hun, 25, 26 N. Y. Supp. 156. In Taylor v. Railroad Co., supra, it was held that the words of subdivision 9, "and not included within one of the foregoing subdivisions of this section," mean the same as if the section had read, "and not included within one only of the foregoing subdivisions of this section." No other interpretation would permit the causes of action specified in the different subdivisions (1 to 8, inclusive) to be united in any case, and would render nugatory one of the chief purposes of the section. Such interpretation, however, in no manner aids the contention of the appellant. Subdivision 10, which is now a part of section 484, is not "one of the foregoing subdivisions of this section," and it provides "for penalties incurred under the fisheries, game, and forest law." So far as actions to recover such penalties are concerned, they are in precisely the same situation as if subdivision 9 had been entirely eliminated from the section. We think it cannot be said from the language of the section or the arrangement of the subdivisions that it was the intention of the legislature to give to subdivision 10

the same force and effect as if it had preceded subdivision 9, and thus had been made "one of the foregoing subdivisions of this section." A new right of action was given by the legislature to the state, and one which imposes severe penalties upon the individual; and as part of the plan for the recovery of such penalties subdivision 10 was added to the section, which prescribes what causes of action may be united in one action, but it was not made "one of the foregoing subdivisions of this section." It is quite apparent that the legislature did not intend that such an action to recover a penalty might be joined with an action to recover damages for injuries to real property, although both recoveries inured to the benefit of the state. Subdivision 10 was added to the section by an act of the legislature which took effect in April, 1900, after the demurrer in question had been interposed, and the interlocutory judgment appealed from rendered thereon. But in determining the rights of the parties upon the trial of the issues involved, the subdivision must be given the same force and effect as if originally made a part of the section, and therefore upon this appeal the section should be interpreted, and its effect determined, precisely as if said subdivision had originally been as it now is. Lazarus v. Railroad Co., 145 N. Y. 581, 40 N. E. 240; Lyman v. Insurance Co., 37 App. Div. 234, 55 N. Y. Supp. 770.

So far as the section of the Code under consideration applies to the case at bar, it provides that the plaintiff may unite in the same complaint two or more causes of action arising under the subdivisions of the section (1 to 8, inclusive), provided they are not repugnant to the requirements of subdivision 9, or the concluding paragraph of the section; and two or more causes of action for penalties incurred under the fisheries, game, and forest law may be united; but, in our opinion, a cause of action arising under either of the subdivisions (1 to 8, inclusive) may not be united in the same complaint with a cause of action arising under subdivision 10, and litigated in the same action. If subdivision 10 had preceded subdivision 9, we are of the opinion that causes of action arising under it could not have been united with causes of action specified in subdivision 4 of section 484 of the Code, because of the requirements of the last paragraph of that section, which requires that it must appear upon the face of the complaint that all causes of action so united "are consistent with each other." At common law the owner of real property was entitled to recover actual damages for injuries done to it by the unlawful or wrongful act of another. The amount of damages and the method of recovering the same have alone been changed by statute. The right of action to recover a penalty is purely statutory. One permits a recovery for damages only. The other permits, and its purpose is to bring about, the punishment of the wrongdoer. "Penal laws, strictly and properly, are those imposing punishment for offenses committed against the state." Huntington v. Attrill, 146 U. S. 667, 13 Sup. Ct. 224, 36 L. Ed. 1123. There is nothing in the origin of the two causes of action united in the complaint in question which would indicate that they are consistent with each other, within the meaning of the provisions of the section of the Code referred to. It is provided by the statute authorizing the recovery of

the penalties, that every person violating the provisions of the section relating to the cutting or carrying away of trees upon the forest preserve, shall be deemed guilty of a misdemeanor, "and, in addition, shall forfeit to the state the sum of $10 for every tree cut or carried away." The other action, as we have seen, may be maintained only for the purpose of recovering damages. One is a civil action, pure and simple, and in certain cases may be maintained although the defendant is innocent of intentional wrong; the other is quasi criminal in its nature, contemplates that the defendant is guilty of a crime, and provides for its punishment.

Again, the procedure provided by the legislature for the enforcement of the two causes of action would seem to indicate that they were not regarded by it as consistent with each other, within the meaning of the Code, and in the sense that they may be enforced in the same action. It is provided by section 1668 of the Code that, if the injuries to the real property were caused casually or involuntarily by the defendants, or if, when the acts were committed, they had probable cause to believe that the land was their own, only actual damages can be recovered; but, if not so committed, treble damages may be awarded. The effect of this provision is to make it impossible to determine the rights of parties arising under the two sections in the ordinary way, if tried together. Separate findings, which shall indicate what portion of the recovery is for damages to the real property, and what portion is for penalties, would be necessary in order to enable the court to pronounce judgment. The amount awarded for injuries to the real property may, as we have seen, be trebled in case the acts of the defendants do not fall within the exceptions contained in subdivisions 1 and 2 of section 1668 of the Code. To require separate findings might injuriously affect the rights of the parties in many cases. The limitation prescribed within which the cause of action for injuries to real property may be enforced is six years. An action by the state to recover a penalty must be brought within two years. By the express provisions of the Code the places of trial of the two causes of action are not the same. By section 982 the action for injuries to the real property must be tried in the county in which the subject of the action, or some part thereof, is situated. By section 983 it is provided:

"But in an action where the people of the state are a party, to recover a penalty for trespass upon the forest preserve, the action may be tried in a county adjoining the county where the cause of action arose."

Section 484, as we have seen, provides that it must appear upon the face of the complaint that the causes of action united do not require different places of trial.

It thus appears that the causes of action united in the complaint demurred to are of different origin; are given to the plaintiff for entirely different purposes; the procedure for their enforcement is dissimilar in many important respects; and the conclusion is reached that they are not consistent with each other within the meaning of the Code. It does not appear affirmatively, and there is nothing in the complaint which in the slightest degree indicates, that the two alleged causes of action arose out of the same transaction or trans-

actions connected with the same subject of action. The subject of the action is the cutting and carrying away of trees upon the forest preserve owned by the state. As the basis of the first cause of action set forth in the complaint, and in which it is sought to recover the penalty imposed by the statute, the plaintiff alleges, in substance, that it is the owner of 462 acres of land included within the forest preserve; that the defendants during the months of September, October, November, and December, 1898, and January, February, and March, 1899, unlawfully entered upon said lands, and cut and removed therefrom 500 trees; that thereby the defendants became liable to the state "as and for the penalty and forfeiture provided by said statute," and judgment is demanded for the aggregate sum of $5,000. For a second and further cause of action the plaintiff states that it is the owner of 462 acres of land included within the forest preserve described as before, and that during the months of September, October, November, and December, 1898, and January, February, and March, 1899, the defendants unlawfully entered upon the premises, and cut and carried away 500 trees, of the value of $5 each, and treble damages are demanded, to wit, $7,500. The plaintiff then demands judgment for the two sums, aggregating $12,500. It is nowhere suggested in the complaint that the trees which were cut and carried away, and for which the penalty or forfeiture is sought to be recovered under the first cause of action, were the same trees which it is alleged in the second count were cut and carried away, and for which damages at the rate of $5 each is sought to be recovered under the second cause of action. So far as appears, the 500 trees for cutting which the penalty or forfeiture is sought to be recovered may have been located at the extreme southeast corner of the 462-acre tract, and the trees the value of which, to wit, five dollars each, the plaintiff is seeking to recover under the second cause of action, may have been located at the extreme northwest corner. It does not appear that the trees referred to in the respective causes of action were cut and carried away at the same time. The different cuttings, according to the allegations of the complaint, cover a period of seven months. One tree, for cutting which a penalty of $10, is sought to be recovered, may have been cut in September, 1898; another tree, for which $5—its value—is sought to be recovered, for aught that appears, may have been cut seven months after, and located in an entirely different part of the forest. We think that by no reasonable construction can such different cuttings and removal of trees be deemed to have arisen out of the same transaction or transactions, connected with the same subject of action.

It is considered that it does not appear upon the face of the complaint that the two causes of action are consistent with each other, within the meaning of section 484 of the Code, or that they arose out of the same transaction or transactions, connected with the same subject of action; and this, in connection with the fact that subdivision 10 of section 484 of the Code is not included within or affected by the provisions of subdivision 9, forces us to the conclusion that the two causes of action were improperly joined, and that the demurrer to the complaint was properly sustained by the learned trial court. The interlocutory judgment should be affirmed.

Interlocutory judgment affirmed, without costs, with leave to the plaintiff to plead over.

SPRING, J., concurred in memorandum, in which ADAMS, P. J., unites.  LAUGHLIN, J., concurred in result.  WILLIAMS, J., dissented in opinion.

SPRING, J. · I concur in the opinion of McLENNAN, J., on the ground that subdivision 9 of section 484 of the Code of Civil Procedure cannot be construed to include subdivision 10, which was recently added to that section.  We cannot say that it was the legislative intent that subdivision 9 should remain unchanged, specifically referring to the preceding subdivisions, and still be held to embrace the added provision.  The reference was plain and unmistakable, and, had it been designed to include actions for penalties on behalf of the state under the fishery and forestry law, the language would have been modified accordingly.  The addition of subdivision 10 has been made since the decision of this case at special term, and no costs of this appeal should follow a reversal.

ADAMS, P. J.  I concur in the foregoing.

WILLIAMS, J. (dissenting).  The action was brought under section 280 of chapter 31 of the General Laws, known as the "Fisheries, Game and Forest Law" (chapter 395 of the Laws of 1895, as amended by chapter 114 of the Laws of 1896).  The complaint alleged two causes of action:  (1) To recover a penalty of $10 for each tree cut and carried away from the lands of the forest preserve of the state,—500 trees in all,—$5,000;  (2) to recover damages for trespass upon and injury to the forest preserve in cutting and carrying away 500 trees, of the value of $5 each, amounting to $2,500, and to recover treble damages therefor, under sections 1667 and 1668 of the Code of Civil Procedure, amounting to $7,500.  Judgment was demanded for $12,500 in all.  The demurrer interposed was upon the ground that the two causes of action were improperly united under section 484 of the Code of Civil Procedure, in that:  (1) The two causes of action did not belong to any one of the subdivisions of section 484;  (2) the two causes of action were not consistent with each other.

The first ground of demurrer is not well taken.  The two causes of action were upon claims arising out of the same transaction, and were, therefore, covered by subdivision 9 of section 484.  By chapter 590 of the laws of 1900, taking effect April 23, last, this section has been amended by adding a subdivision 10, to cover penalties under the fisheries, game, and forest law, but this does not change the effect of subdivision 9.  Technically, subdivision 9 refers to the foregoing subdivisions, and subdivision 10 follows it; but a fair construction makes subdivision 9 cover subdivision 10, as well as the subdivisions which literally go before it.  No question was raised on the argument but that the two causes of action arose out of the same transaction or transactions, connected with the same subject of action.  The only question is whether the two causes of action were consistent with each

other.  They belonged to one of the subdivisions of the section.  They affected all the parties to the action, and they did not require different places of trial.  It is claimed they were not consistent with each other, because:  (1) The one was for a penalty, and the other for treble damages for trespass on land in cutting and carrying away trees.  (2) They required different modes of trial and defense, and the relief as to the causes of action was different, and could not be given in the same action.  The causes of action were not inconsistent, because one was for a penalty and the other for damages for trespass.  The penalty was given for a wrongful act, prohibited by statute.  Both causes of action were, therefore, in tort.  The two causes of action do not require different modes of trial except that in one case the amount of recovery is fixed by statute, $10 per tree, and in the other case the amount of recovery requires proof of the actual damages,—the value of the trees,—which is to be trebled under the provision of the Code, unless the defendants plead, and the verdict, report, or decision finds that the injury was casual or involuntary, or that the defendants had probable cause to believe that the land was their own, or that the trees were taken for the purpose of repairing or making a public road, or a public bridge, by authority of a commissioner or overseer of highways, as provided by section 1666 of the Code.  There would be no difficulty in making this additional proof, or in obtaining the verdict, report, or decision, by reason of the two causes of action being united.  In the case of trespass the damages awarded in the verdict, report, or decision would be single.  The damages would be trebled afterwards in the judgment.  The report or decision could state the facts separately, and then judgment could be rendered accordingly.  If the verdict should be a general one, including the recovery upon both causes of action, there could then be no trebling of damages, because the amount of actual damage could not be ascertained.  In that event the people alone would suffer.  The defendants would not be prejudiced, and could not complain.  The court would, however, have power, when taking a finding as to defendants' defense against trebling the damages, to take a further finding separately stating the amount awarded as a penalty and the amount awarded as actual damages for the trespass, under section 1187 of the Code, and judgment could then be rendered accordingly.  The facts could be proved, and then the rights of the parties could be protected in making the judgment and reviewing the same.

The only additional suggestion made by the defendants is that a recovery of the penalty is a bar to a recovery for damages for the trespass, under section 1962 of the Code, and this is the ground upon which the demurrer was sustained in the court below.  This was clearly erroneous.  That section merely provided that where a penalty is incurred to the people, and the attorney general or a district attorney brings an action therefor, a recovery in such action bars a recovery in any other action for the same cause; that is, for any other penalty incurred for the same act.  There is no reason in holding that a recovery for a penalty under section 280 of the fisheries, game, and forest law bars a recovery for the trespass under the same section; and, even if it does, effect can be given to such holding as well when both causes

of action were alleged in one complaint as when they were in separate complaints in separate actions. Section 1962 does not provide that one action is a bar to the other, or that a recovery in one action is a bar to another action, but that a recovery in one action is a bar to a recovery in another. No reason is apparent why these two causes of action, may not be prosecuted in one action as well as in two separate actions. Both causes of action are given by the same section (280) of the fisheries, game, and forest law. All the moneys recovered from both causes of action are to be paid to the commissioners under that act, and all are to be used by them for the expenses of the prosecutions and the general expenses of the commission in carrying out the provisions of the law. It is better to limit the number of actions so far as possible, and, inasmuch as no injury can be done to the defendants by joining such causes of action, and all their rights can be protected as well in one action as in separate actions, the causes of action should be united, and the whole matter settled in one action.

The judgment appealed from should be reversed, with costs, and the demurrer overruled, with costs, with leave to plead over upon payment of costs in this court and in the court below within 25 days after entry and service of a copy of this decision.