DOYLE v. AMERICAN WRINGER CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

1. ACTIONS—PLEADING—JOINDER.
Where a complaint charging an assault contains allegations of a forcible entry and a taking of personal property, but alleges no injury to the freehold or value of the goods taken, such allegations are to be taken as matters of description, and not as an attempt to join actions.

2. SAME.
Under Code, § 484, providing that a plaintiff may unite two or more causes of action arising out of the same transaction, a complaint charging an assault, and also alleging a forcible entry and taking of goods, was not an improper joinder.

Appeal from special term.

Action by Annie Doyle against the American Wringer Company. From a judgment in plaintiff's favor, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Van Buren Denslow, for appellant.
Carl J. Heyser, for respondent.

JENKS, J. The interlocutory judgment overruling the demurrer should be affirmed. I think that the pleader intended to state a cause of action based only upon personal assault, and that the complaint should be thus construed. The allegation of forcible entry and of the taking of personal property are to be considered as matters of description, and not statements of evidential facts. The pleading in this respect is to be construed as was the pleading in Langdon v. Guy, 91 N. Y. 661. Further, there is neither allegation of injury to the freehold nor of value of the goods taken, even if the pleading in this respect can be read (and I doubt it) as intending to charge a taking thereof against the contract rights of the plaintiff and of her husband.

The learned counsel for the defendant contends that there are three causes of action pleaded and improperly joined. If such analysis were justified, there would be more properly two, trespass and assault, instead of three. But, in any event, there is no improper joinder. The provision of the Code (section 484) that a plain-

tiff may unite two or more causes of action arising out of the same transaction or transactions is but declaratory of the previous rule, and "the test is whether or not the parties joined in the suit have one connected interest centering on the point at issue in the cause, or one common point of litigation." Mahler v. Schmidt, 43 Hun, 512, cited in Bliss, Code Pl. § 112. The rule applied to this case would permit such joinder even if the differentiation of the causes of action made by the learned counsel for the appellant be sound. Griffith v. Friendly (Sup.) 62 N. Y. Supp. 391, affirmed in Id. 1138; Colton v. Jones, 7 Rob. 164, 649, affirmed by court of appeals May 23, 1871. The learned counsel for the appellant concedes that the principle of Reilly v. Paving Co., 31 App. Div. 302, 52 N. Y. Supp. 817, is against him, save that it is opposed to the doctrine of Mulligan v. Ice Co., 109 N. Y. 657, 16 N. E. 684. I do not understand this statement. The court of appeals affirmed the latter case without opinion. I have examined the pleadings therein, but fail to see any similarity between them and those in the case at bar, or that any question was raised that is applicable to this case. Judgment affirmed, with costs.

Interlocutory judgment affirmed, with costs. All concur.