(39 Misc. Rep. 111.)

EAGAN v. NEW YORK TRANSP. CO. et al.

(Supreme Court, Special Term, Queens County.    October, 1902.)

1. ACTION—PERSONAL INJURIES—INJURIES TO PERSONAL PROPERTY.

Injury to the person and injury to personal property by the same wrongful act constitute two causes of action.

2. SAME—JOINDER.

Code Civ. Proc. § 484, subd. 2, permits the joining of causes of action for personal injuries, and subdivision 6 permits joinder of causes of action for injuries to personal property. Subdivision 9 provides that causes of actions on claims arising out of the same transaction, or transactions connected with the same subject of action, and not included in one of the foregoing subdivisions, may be united. *Held*, that a cause of action for personal injuries and one for injuries to plaintiff's vehicle, both caused by a negligent act of defendant, were properly united.

Action by Patrick Eagan against the New York Transportation Company and others. Demurrer to the complaint for improper joinder of cause of action. Overruled.

The first cause of action is for damage for injuries to the person and the second for damage for injuries to personal property, both caused at the same time by the same tortious act of the defendants, viz., negligently running a vehicle into the plaintiff's vehicle in the street and injuring the plaintiff in his body and also injuring his vehicle.

Lyman A. Spalding, for plaintiff.

Alexander, Watriss & Polk, for defendants.

GAYNOR, J. It is now set at rest in this state by the decision in Reilly v. Paving Co., 170 N. Y. 40, 62 N. E. 772, that injury to the person and injury to personal property by the same tortious act constitute two causes of action. But may they not be united in the same complaint? By subdivision 2 of section 484 of the Code of Civil Procedure, causes of action for personal injuries may be united, and by subdivision 6 causes of action for injuries to personal property may be united. This would prevent the different causes mentioned in these two subdivisions from being united. But subdivision 9 provides that causes of action "upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section," may be united. The word "claims" as here used is shown by the context not to be restricted to contract claims, but extends to torts. In the present action both causes are upon claims arising out of the same transaction. The words, "and not included within one of the foregoing subdivisions," are not restrictive, and do not stand in the way. They are obscure in meaning at first. The true meaning is that causes arising out of the same transaction may be united, though not both or all included within any previous subdivision and therein allowed to be united. Where they are included within any of such subdivisions, they do not need the help of subdivision 9 in order to be united.

¶ 1. See Actions, vol. 1, Cent. Dig. §§ 325, 416.

Nor does the concluding provision of the section, that "it must appear upon the face of the complaint that all of the causes of action so united belong to one of the foregoing subdivisions of this section," stand in the way, for the two causes united in this complaint belong to one of such subdivisions, viz., to subdivision 9.

The demurrer is overruled.