## McINERNEY v. MAIN et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. JOINDER OF CAUSES—INJURY TO PERSON AND PROPERTY.

Under Code Civ. Proc. § 484, providing that plaintiff may unite in the same complaint several causes of action, where they are brought to recover (2) for personal injuries, (4) for injuries to real property, (6) for injuries to personal property, (9) on claims arising out of the same transaction, and not included in (only) one of the foregoing subdivisions, an injury to person and an injury to property, resulting from the same tortious act, may be sued for in the same action.

¶ 1. See Action, vol. 1, Cent. Dig. § 416.

Appeal from Special Term, Kings County.

Action by Mary McInerney against Thomas F. Main and others. From an order sustaining a demurrer to the complaint, and from an interlocutory judgment entered thereon, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Jacob Friedman, for appellant.

Horace Keeney (Alfred Ely and Louis M. Fulton, on the brief), for respondent.

HOOKER, J. This is an action to recover damages alleged to have been sustained by the plaintiff to his person and property by reason of the negligence of the defendants. In the paragraph of the complaint devoted to the extent and nature of her damages the plaintiff alleges personal injuries and the destruction of her property, and claims damages for both. The defendant Main demurred to the complaint on the ground that these two causes of action were improperly united in the complaint. His demurrer was sustained at Special Term, and from the order and interlocutory judgment entered thereon the plaintiff has appealed to this court.

The respondent rests his whole case upon the authority of the words in the opinion of the Court of Appeals in Reilly v. Sicilian Asphalt Paving Company, 170 N. Y. 40, 62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636. In that case the plaintiff brought an action against the defendant to recover damages for injury to his person, and later brought another to recover damages for injury to his vehicle. A judgment in plaintiff's favor in the latter was paid by the defendant, and by supplemental answer in the former it set up the judgment and its satisfaction as a bar. On the trial it was held that plaintiff's right of action for personal injuries was merged in the judgment for damages to his vehicle, and his complaint was dismissed. The Court of Appeals reversed a judgment of the Appellate Division (52 N. Y. Supp. 817) affirming the judgment of the trial court, entered upon the dismissal. Judge Cullen, in an able and exhaustive opinion in which the whole court concurred, reached the conclusion "that an injury to person and one to property, though resulting from the same tortious act, constitute different causes of action." This conclusion was reached after a consideration of conflicting decisions in other jurisdictions, which were cited and commented upon, after considering whether there was any controlling decision on the point in the Court of Appeals, and after pointing out and citing authorities upon the practice at common law. After this elaborate discussion it was decided to adopt the rule which obtains in England, not, however, for the same reasons as those which supported the decision of the English court, but "for reason of the great difference between the rules of law applicable to injuries of the person and those relating to injuries to property."

In considering points of dissimilarity between these rules of law, the court took occasion to point out that section 484 of the Code of Civil Procedure does not expressly determine the point in issue, but

refers to that section as not without much force to sustain the argument that the two injuries constitute separate causes of action. The opinion then contains this language:

"Under the old Code of Procedure, at the time of its original enactment, injuries to person and injuries to property were separately classified as causes of action, and it was not permitted to join those of one class with those of another. Code Proc. § 167. By an amendment in 1852, injuries to persons and property were put in the same class. But by section 484 of the Code of Civil Procedure they are again placed in distinct classes, and cannot be united. If the plaintiff's cause of action is single, into what class does it fall? Is it for an injury to the person, which may be united with other causes of action for personal injuries, or is it for injury to property, which may be joined with claims of the same nature, or is it sui generis, a nondescript, which must stand alone?"

The respondent contends that the words quoted, "But by section 484 of the Code of Civil Procedure they are again placed in distinct classes, and cannot be united," are controlling authority on the question involved, and must lead this court to affirm the judgment appealed from.

We are of opinion, however, that in the consideration of the Reilly Case it was not the purpose of the Court of Appeals to decide the question presented upon this appeal. It is certain that the statement was dictum, for the only question presented to that court for its consideration was whether injuries to the person and property, resulting from the same tortious act, constitute different causes of action. A determination of the question of joinder of these two causes of action in the same complaint was not essential to the decision of that proposition.

It seems to be quite evident that this statement was made inadvertently. The court said: "Under the old Code of Procedure, at the time of its original enactment, injuries to person and injuries to property were separately classified as causes of action, and it was not permitted to join those of one class with those of another." Of this there is, at least, some doubt. It was held, in 1851, under the old Code of Procedure as originally enacted, that the plaintiff was entitled to recover in the same action for damages sustained by reason of the negligence of the defendant resulting in injuries to his person and injuries to his property. Howe v. Peckham, 10 Barb. 656. It is true that this was but a Special Term decision, but it does not appear ever to have been questioned. It is also true that the case distinctly held that the complaint stated but a single cause of action, and this holding is, of course, overruled by the decision of the Court of Appeals in the Reilly Case. The fact remains, however, that under the Code of Procedure, before the amendment in 1852 of its 167th section, injuries to the person and property, arising out of the same tortious act, were allowed to be alleged in the same complaint.

Under the Code of Procedure and the Code of Civil Procedure it has been repeatedly held that different causes of action, otherwise properly joined, may be united, provided they arose out of the same transaction, even where they might belong to subdivisions other than the first of section 167 of the Code of Procedure, or the ninth of section 484 of the Code of Civil Procedure (Badger v. Benedict, 4 Abb

Prac. 176; Robinson v. Flint, 16 How. Prac. 240; Adams v. Bissell, 28 Barb. 382; Rothchild v. Grand Trunk R. R. Co., 19 Civ. Proc. R. 53, 10 N. Y. Supp. 36; Polley v. Wilkisson, 5 Civ. Proc. R. 135; Jackson v. Brown, 74 Hun, 25, 26 N. Y. Supp. 156; People v. Wells, 52 App. Div. 583, 65 N. Y. Supp. 319; Eagan v. N. Y. Transportation Co., 39 Misc. Rep. 111, 78 N. Y. Supp. 209); and it seems to have been well established by the decisions under the ninth subdivision of section 484 of the Code of Civil Procedure that its words, "and not included within one of the foregoing subdivisions of this section," mean the same as if the section had read, "and not included within one only of the foregoing subdivisions of this section" (Taylor v. Metropolitan Elevated Ry. Co., 52 N. Y. Super. Ct. 299; Polley v. Wilkisson, supra; People v. Wells, supra).

Except in respect to this apparent inadvertence as to the sections of the respective Codes, the opinion in the Reilly Case seems to have been the result of much thought and careful study. We cannot believe that, in a case which enjoyed such complete consideration, the court intended to sweep aside the authority of this long line of cases without so much as a reference to a single one of them or to the doctrine for which all stand. With the apparent authority of this dictum aside, the decision of the appeal here is shorn of much of its difficulty. Mr. Justice McLennan, in People v. Wells, supra, speaking of section 484 of the Code of Civil Procedure, says (page 587, 52 App. Div., and page 322, 65 N. Y. Supp.):

"As a result of the decisions, however, we think it must now be regarded as settled that under subdivision 9 of the section [Code Civ. Proc. § 484] causes of action specified in two or more of the preceding subdivisions, 1 to 8 inclusive, may be united if it appears upon the face of the complaint that they arose out of the same transaction, connected with the same subject of action, are not inconsistent with each other, affect all the parties to the action, and do not require different places of trial."

Upon the authorities above quoted and the reasons therein assigned we are of opinion that this language of Mr. Justice McLennan correctly states the law. This conclusion leads to a reversal of the judgment sustaining the demurrer. The defendant may answer over upon the usual terms.

Interlocutory judgment sustaining demurrer reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to answer within 20 days upon payment of costs.

GOODRICH, P. J., concurs; WOODWARD, J., concurs in result.

HIRSCHBERG, J. I concur. The provision contained in section 484 of the Code of Civil Procedure, following subdivision 10, to the effect that it "must appear upon the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdivisions of this section," is fully satisfied when it appears upon the face of the complaint that they all belong to subdivision 9, notwithstanding that subdivision requires that they shall not be included in any one of the subdivisions preceding it. The causes of action

stated in the complaint belong to subdivision 9, since they arise out of the same transaction, and are not included in any one of the preceding eight subdivisions. They should not have been united in a single count, but that consideration is not germane to this appeal.