(73 Misc. Rep. 453.)

### HOCHMAN v. NEW AMSTERDAM GAS CO.

(City Court of New York, Special Term. September, 1911.)

ACTIONS (§ 47*)—JOINDER OF CAUSES.

    Plaintiff in an action against a gas company for refusing to further furnish gas to plaintiff under an agreement cannot unite in the same complaint a cause of action for damages for an assault on plaintiff by defendant's agent when discontinuing the gas.

    [Ed. Note.—For other cases, see Actions, Cent. Dig. §§ 469–489.; Dec. Dig. § 47.*]

Action by Max Hochman against the New Amsterdam Gas Company. Demurrer to complaint sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alex. B. Greenberg, for plaintiff.
Shearman & Sterling, for defendant.

SMITH, J.· The defendant demurs to the complaint herein upon the ground that the two causes of action therein stated are improperly united and do not ·come within any of the subdivisions of section 484, Code of Civil Procedure. The first cause of action set forth in the complaint alleges that on June 28, 1911, the defendant entered into an agreement with the plaintiff to furnish him with gas, and that the defendant did, pursuant to said agreement, furnish and supply the plaintiff with gas until July 5, 1911, when the defendant wrongfully and without cause discontinued fulfilling its agreement, to the plaintiff's damage in the sum of $500. For a second cause of action the plaintiff alleges that on July 5, 1911, the defendant's agent, while in the course of his employment and while attempting to discontinue the supply of gas as aforesaid, wrongfully and unlawfully assaulted and beat the plaintiff to his damage in the sum of $1,500. Thus, at the outset, we have two causes of action united in one complaint; one ex contractu and the other ex delicto. While actions in contract and actions in tort, if they arise out of the same transaction, may be united in one complaint, the ever-perplexing question to be solved is, Did the actions arise out of the same transaction? Wiles v. Suydam, 64 N. Y. 173–177. Counsel for the respective parties have exhaustively and diligently argued this proposition in their briefs and have displayed research and learning which have assisted the court in arriving at the conclusion that the demurrer must be sustained. In arriving at this conclusion the court is mindful of the cases cited by the plaintiff to sustain his contention that under subdivision 9 of section 484, Code of Civil Procedure, the actions for breach of contract and assault may be united in the one complaint. Much has been written by learned judges and text-writers on the interpretation· of this section of the Code and their opinions vary. The inquiry to be made in all cases is, Can the different claims alleged in the complaint be established by the same testimony? In other words, would the same testimony which the plaintiff must offer to sustain his action in contract sustain his action in tort and vice versa? De Wolfe v. Abrahams, 151 N. Y. 186, 45 N. E. 455. The cases of McInerney v. Main, 82 App. Div. 543, 81 N. Y. Supp. 539, and Eagan v. New York Transp. Co., 39 Misc. Rep. 111, 78 N. Y. Supp. 209, cited by the plaintiff, do not conflict with the authorities cited by the defendant nor with the views expressed. by the court. Those cases permitted the uniting of a cause of action for injury to the person and for injury to property, because the injuries were caused by the same tortious act (Eagan v. N. Y. Transp. Co., supra) and by "a single negligent ·act on the part of the defendant." McInerney v. Main, supra. It has been held that subdivision 9 of section 484, Code Civil Procedure, was not intended to apply to actions at law, but only to those in equity. Pom. Code (3d Ed.) § 475, and Wiles v. Suydam, supra, where the Court of Appeals (at page 177) establishes beyond doubt that the construction to be given to this section must largely be measured by the circumstances and ex-

pediency of each case rather than by any inflexible rule. But even if we were to assume that the plaintiff's construction of this subdivision (which is supported by authority) is true, yet I do not believe that those cases intended to overrule the case of Hunter v. Powell, 15 How. Prac. 221, where it is said that it was never intended that causes of action such as were formerly actions in assumpsit and causes of action for willful negligence or malfeasance could be united in one complaint. Barkley v. Williams, 30 Misc. Rep. 687, 64 N. Y. Supp. 318, and cases there cited. It is not the rule that all causes of action which may have originated simultaneously can always be united. De Wolfe v. Abrahams, supra; Campbell v. Hallihan, 45 Misc. Rep. 329, 90 N. Y. Supp. 432; Paul v. Ford, 117 App. Div. 151, 102 N. Y. Supp. 359. In the case last cited Mr. Justice Ingraham said:

"It does not necessarily follow that the claim for damages resulting from these personal injuries arose out of the same transaction so as to bring the case within subdivision 9 of section 484 of the Code of Civil Procedure. Although the occurrences happened at the same time, the transaction which gives a cause of action in the one case was physical force used against the person of the plaintiff, while in the other case was words reflecting upon her character constituting what is known as an action for slander, the transaction in the one case being the assault upon the person and in the other the actionable words spoken."

Applying this rule to the case at bar we find that the gravamen of the plaintiff's first cause of action is the discontinuance of supplying gas, while in the second cause of action it is the physical force used. Demurrer sustained, with costs, with leave to the plaintiff to commence independent actions for the relief prayed for in the complaint.

Demurrer sustained.