[Civ. No. 1246.   Second Appellate District.—February 21, 1913.]

E. W. BOULDEN, Respondent, v. H. N. THOMPSON et al. Appellants.

ACTIONS—CAUSES THAT MAY BE JOINED IN SAME COMPLAINT—EX CONTRACTU AND EX DELICTO.—A cause of action based upon a breach of a lease in wrongfully ejecting the plaintiff from the premises, a cause of action in tort for wrongfully taking and retaining possession of property of the plaintiff on the premises, and a cause of action for threatening the plaintiff and his wife while they were being ejected from the premises, may be joined in one complaint as arising out of the same transaction.

ID.—DEFINITION OF "CLAIMS" IN SECTION 427 OF CODE OF CIVIL PROCEDURE.—The word "claims," as used in subdivision 8 of section 427 of the Code of Civil Procedure, enumerating the causes of action that may be united in the same complaint, embraces not only such as are based upon contracts, but includes those based upon torts as well.

APPEAL from a judgment of the Superior Court of San Diego County.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

E. S. Torrance, for Appellants.

C. N. Andrews, for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained by reason of the wrongful acts of defendants. The complaint is in three counts, each of which is stated to be a separate cause of action. Defendants demurred thereto, alleging as ground therefor that several causes of action had been improperly united therein. The demurrer was overruled, whereupon defendants answered, and upon trial the court found: "That all the allegations contained in the first cause of action are true, and that, except as to the allegations contained in said cause of action, the other allegations of the complaint are untrue"; and in accordance therewith gave judgment for plaintiff, from which, claiming that their demurrer was improperly overruled, defendants appeal upon the judgment-roll.

The complaint contains much evidentiary matter which, upon any theory of the case, is mere surplusage. The first count, as we construe it, alleges a cause of action based upon a breach of covenant contained in a lease of real and personal property made by defendants to plaintiff, it being alleged that during the term thereof defendants wrongfully and forcibly ejected plaintiff from the leased property, to his damage in the sum of one thousand dollars. The second count states a cause of action sounding in tort, it being alleged that at the time defendants wrongfully entered upon and took possession of said leased property plaintiff owned and had in the dwelling-house certain household furniture and other personal property, of which defendants took possession and refused to deliver the same to plaintiff, to his damage in the sum of one thousand dollars. The third count states a cause of action based upon section 43 of the Civil Code, alleging that at the time and in the unlawful act of dispossessing plaintiff, and as a part of the acts of defendants in ejecting plaintiff from said premises, they swore at plaintiff and his wife, called him vile names, threatened his life and that of his wife, by reason whereof plaintiff was put in great fear and caused great mental worry and pain and subjected to insult, by reason whereof he sustained damage in the sum of one thousand dollars.

The contention of appellants is that, under the provisions of section 427 of the Code of Civil Procedure, a cause of action in tort and one arising upon contract cannot be joined

in the same complaint. In *Stark* v. *Wellman,* 96 Cal. 400, [31 Pac. 259], it was expressly held that section 427 of the Code of Civil Procedure, as it then stood, did not authorize such joinder. In deciding the case, Commissioner Temple referred to the fact that the code of this state did not contain the provision which prevails in some states, to the effect that causes of action arising out of the same transaction, or transactions connected with the same subject of action, might be united, "and," said the commissioner, "had this been in our code, it would have authorized the joinder of the causes of action in this case." While this statement was not necessary to the decision of the case, and is therefore *dictum,* nevertheless, it is but reasonable to assume that it prompted the action taken by the legislature in 1907, whereby the identical provision referred to by the learned commissioner was added to section 427, as subdivision 8 thereof. It is as follows: "Claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section," may be united. If the causes of action so united are within *any one* of the first seven subdivisions of the section, they may by reason of that fact be united. If not so included (and in this case they were not), they may, nevertheless, be united by virtue of subdivision 8, *if they arise out of the same transaction or transactions connected with the same subject of action.* We think it clearly appears from the complaint that the alleged claims did arise out of transactions connected with the subject of the action (*Corcoran* v. *Mannering,* 10 App. Div. 516, [41 N. Y. Supp. 1090]; *Doyle* v. *Am. Wringer Co.,* 60 App. Div. 525, [69 N. Y. Supp. 952]), which was the breach of contract in the commission of which defendants committed the torts upon which the other claims are based. The word "claims" as here used embraces not only such as are based upon contracts, but includes those based upon torts as well. (*Eagan* v. *New York Transp. Co. et al.,* 39 Misc. Rep. 111, [78 N. Y. Supp. 209].)

The ruling was not error, and the judgment is therefore affirmed.

Allen, P. J., and James J. concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 22, 1913.