(30 Misc. Rep. 393.)

GRIFFITH v. FRIENDLY et al. [1]

(Supreme Court, Special Term, Steuben County. October, 1899.)

1. JOINDER OF ACTIONS—ACTIONS EX DELICTO.
   Under Code Civ. Proc. § 484, subd. 9, authorizing the plaintiff to unite in his complaint two or more causes of action on claims arising out of the same transaction, or transactions connected with the same subject of the action, a complaint setting forth in one count facts showing that defendant wrongfully took property from the possession of plaintiff, and while so doing committed an assault and battery on her, and claiming damages both for being deprived of the property and for the injury, is not demurrable for misjoinder of causes of action.

2. TRESPASS TO PROPERTY—RIGHT OF ACTION.
   · One in possession of personal property, though not the owner, can maintain an action for damages as against one who wrongfully deprived him of the possession thereof.

3. MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER.
   A master is liable for an assault and battery committed by his servant while carrying out the former's orders to secure possession of property, to which he was not entitled, though he merely directed the servant to take the property.

4. PLEADING—STATEMENT OF CAUSES OF ACTION—NUMBERING—REMEDY.
   The remedy for failure to comply with Code Civ. Proc. § 483, requiring each cause of action united in a complaint to be separately stated and numbered, is by motion, and not by demurrer.

Action by Esther Griffith against Myer Friendly and others to recover for the wrongful detention of personal property and for personal injuries. Defendants interposed a demurrer to the complaint. Demurrer overruled.

Francis A. Williams, for plaintiff.

James Bacon and Benjamin F. Levy, for defendants.

DAVY, J. The principal question presented by the demurrer to the complaint is whether there is a misjoinder of the causes of action. The allegations in the complaint relating to the personal injuries are not separated from the other allegations therein relating to the injury for the wrongful taking of the personal property from plaintiff's possession. Both actions are in tort, and are blended together in a single count, and damages are claimed for the combined injury. The defendants, by demurring to the complaint, concede that they were trespassers, and that they wrongfully took the property referred to in the complaint from the possession of the plaintiff, and while engaged in that wrongful act they committed an assault and battery upon the plaintiff. I am of the opinion that the causes of action were properly united, under subdivision 9 of section 484 of the Code of Civil Procedure, which authorizes the plaintiff to unite in his complaint two or more causes of action upon claims arising out of the same transaction, or transactions connected with the same subject of the action. The subject of the action in this case was the injury committed by the defendants in wrongfully taking from the possession of the plaintiff the property in question, and while engaged in that unlawful act they committed an assault and battery upon her. Both acts necessarily proceed from the same wrong, and were transactions connected with the same subject of the action. The plaintiff, therefore, is en-

[1] Affirmed on appeal, see 62 N. Y. Supp. 1138.

titled to damages for being deprived of the use of the property taken
from her possession, and to damages for the personal injury suffered
at the same time that the property was wrongfully taken from her
possession. It was held in Lamming v. Galusha, 135 N. Y. 239, 31
N. E. 1024, that, where a railroad is maintained and operated in a
street in front of the plaintiff's premises, he may maintain an action
for damages to his real property, and may also claim in the same
action damages for a personal injury resulting from being thrown
from a wagon while driving along a highway on which the railroad
was constructed, in consequence of his horse being frightened by the
noise of a passing engine and train.

It is urged that the allegation in the complaint as to the plaintiff's
possession of the property is not sufficient, without any other evi-
dence of title, to enable her to maintain the action. It has been re-
peatedly held that, where property is taken from the possession of a
person by a wrongdoer, the party can maintain an action for the
wrong, though he is not the owner of the property. Frost v. Mott,
34 N. Y. 253. In Stowell v. Otis, 71 N. Y. 38, Judge Earl says: "The
peace and good order of society require that persons thus in posses-
sion of property, even without any title, should be enabled to protect
such possession by appropriate remedies against mere naked wrong-
doers." Wheeler v. Lawson, 103 N. Y. 41, 8 N. E. 360.

It is contended by the learned counsel for the defendants that the
master cannot be held liable for the personal injuries to the plaintiff
inflicted by his servants. If the master in this case authorized his
servants to take the property in question from the plaintiff, and
through lack of judgment or discretion they went beyond the strict
line of their duty or authority, and inflicted a personal injury upon
her, the master is liable. Cohen v. Railroad Co., 69 N. Y. 173;
Rounds v. Railroad Co., 64 N. Y. 129.

It is also claimed that each cause of action should have been sepa-
rately numbered and stated, as required by section 483 of the Code of
Civil Procedure. I am inclined to think that the defendants' remedy
for an omission to comply with the requirements of the Code in that
respect is by motion, and not by demurrer. Bass v. Comstock, 38
N. Y. 21; Gunn v. Fellows, 41 Hun, 257.

The demurrer, therefore, must be overruled, with costs.