ANNIE DOYLE, Respondent, *v.* THE AMERICAN WRINGER COMPANY, Appellant.

*Pleading — assault by persons while retaking goods sold on the installment plan — the forcible entry and retaking are matters of description — the assault and trespass may be joined.*

The complaint in an action alleged that the plaintiff's husband purchased certain goods upon the installment plan from the defendant company; that the defendant had in its employ two persons whose duty it was to collect installments due upon goods purchased from the defendant and to recover possession of such goods if the purchaser defaulted in the payment of said installments; that " in pursuance of said duties and employment, the said Frederick Berger and Thomas Skelly, as the agents, employees and servants of said defendant company, and in the course and within the scope of their employment, wrongfully, unlawfully and forcibly entered upon the premises of the plaintiff and into her dwelling house to remove and recover the said goods, and did so remove and recover them.

" That then and there and while removing and recovering said goods the said Frederick Berger and Thomas Skelly wrongfully, unlawfully and maliciously did beat, strike and assault, bruise, wound and ill-treat this plaintiff, and vindictively and without the slightest provocation or cause, but deliberately and in a brutal manner, did strike this plaintiff upon the head, neck, breast, arm, and other parts of her person, and did throw this plaintiff upon her bed, and did do her great bodily injuries.

" That the plaintiff was thereby made ill, lame and disabled, and caused to suffer great pain of body and mind, and thereby compelled to and did expend various sums of money for medical attendance." Judgment was demanded in the sum of $5,000.

*Held,* that the pleader intended to state a cause of action based only upon a personal assault, and that the allegations of forcible entry and of the taking of personal property were to be considered as matters of description and not statements of evidential facts;

That, even if the complaint stated a cause of action for trespass and one for assault, the plaintiff might properly unite them under section 484 of the Code of Civil Procedure.

APPEAL by the defendant, The American Wringer Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of October, 1900, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling a demurrer to the complaint.

The material allegations of the complaint are as follows :

" I. That the defendant at the time hereinafter mentioned was, and now is, a foreign corporation, created under the laws of the State of Rhode Island, carrying on the business of selling various household articles, such as rugs and clocks on the installment plan in the City and State of New York.

" II. That on or about the 3d day of January, 1899, the husband of the plaintiff, John J. Doyle, purchased certain goods, wares and merchandise, upon the installment plan from the defendant company.

" III. That at all the times hereinafter mentioned, the defendant had in its employ Frederick Berger and Thomas Skelly, whose duties were to collect money due upon installments for goods which had been purchased from the defendant company, and also to remove, recover and obtain the possession of such goods so sold upon the installment plan, where the purchaser defaulted in the payment of said installments.

" IV. That on or about the 23d day of March, 1900, at the Borough of Brooklyn, City and State of New York, in pursuance of said duties and employment, the said Frederick Berger and Thomas Skelly, as the agents, employees and servants of said defendant company, and in the course and within the scope of their employment, wrongfully, unlawfully and forcibly entered upon the premises of the plaintiff and into her dwelling house, to remove and recover the said goods, and did so remove and recover them.

" V. That then and there and while removing and recovering said goods, the said Frederick Berger and Thomas Skelly wrongfully, unlawfully and maliciously did beat, strike and assault, bruise, wound and ill-treat this plaintiff, and vindictively and without the slightest provocation or cause, but deliberately and in a brutal manner, did strike this plaintiff upon the head, neck, breast, arm and other parts of her person, and did throw this plaintiff upon her bed, and did do her great bodily injuries.

" VI. That the plaintiff was thereby made ill, lame and disabled, and caused to suffer great pain of body and mind, and thereby compelled to and did expend various sums of money for medical attendance.

" VII. That by reason of the foregoing facts, plaintiff has suffered damages in the sum of Five thousand ($5,000) dollars.

"WHEREFORE, plaintiff demands judgment against the defendant in the sum of Five thousand ($5,000) dollars, besides the costs of this action."

*Van Buren Denslow,* for the appellant.

*Carl J. Heyser,* for the respondent.

JENKS, J.:

The interlocutory judgment overruling the demurrer should be affirmed. I think that the pleader intended to state a cause of action based only upon personal assault, and that the complaint should be thus construed. The allegation of forcible entry and of the taking of personal property are to be considered as matters of description and not statements of evidential facts. The pleading in this respect is to be construed as was the pleading in *Langdon* v. *Guy* (91 N. Y. 661). Further, there is neither allegation of injury to the freehold nor of value of the goods taken, even if the pleading in this respect can be read (and I doubt it) as intending to charge a taking thereof against the contract rights of the plaintiff and of her husband.

The learned counsel for the defendant contends that there are three causes of action pleaded and improperly joined. If such analysis were justified, there would be more properly two, trespass and assault, instead of three. But in any event, there is no improper joinder. The provision of the Code (§ 484) that a plaintiff may unite two or more causes of action arising out of the same transaction or transactions is but declaratory of the previous rule, and "the test is whether or not the parties joined in the suit have one connected interest centering in the point in issue in the cause, or one common point of litigation." (*Mahler* v. *Schmidt,* 43 Hun, 512; cited in Bliss Code Pl. § 112.) The rule applied to this case would permit such joinder even if the differentiation of the causes of action made by the learned counsel for the appellant be sound. (*Griffith* v. *Friendly,* 30 Misc. Rep. 393; 62 N. Y. Supp. 391; affd., Id. 1138; *Colton* v. *Jones,* 7 Robt. 164, 649; affd., by Court of Appeals May 23, 1871.) The learned counsel for the appellant concedes that the principle of *Reilly* v. *Sicilian Asphalt Paving Co.* (31 App. Div. 302) is against him, save that it is opposed to the doctrine of *Mulligan* v. *Knickerbocker Ice Co.* (109 N. Y. 657.) I do not understand

this statement. The Court of Appeals affirmed the latter case without opinion. I have examined the pleadings therein, but fail to see any similarity between them and those in the case at bar, or that any question was raised that is applicable to this case.

All concurred.

Interlocutory judgment affirmed, with costs.