(45 Misc. 325)

## CAMPBELL v. HALLIHAN.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ACTIONS—MISJOINDER—SAME TRANSACTION.

Code Civ. Proc. § 484, subd. 9, authorizes plaintiff to unite in the same complaint two or more causes of action founded on claims arising out of the same transaction or transactions connected with the same subject of action, and not included within one of the preceding subdivisions of the section. *Held* not to justify the joinder of a cause of action for unlawfully taking from plaintiff's possession a pair of horses and a buggy and converting them to defendant's own use, with a cause of action for a subsequent assault and battery on plaintiff while he was engaged in an endeavor to regain possession thereof.

Appeal from City Court of New York, Special Term.

Action by James A. Campbell against William Hallihan. From an interlocutory judgment of the New York City Court overruling defendant's demurrer to plaintiff's complaint, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Joseph Rowan, for appellant.
James A. Allen, for respondent.

FREEDMAN, P. J. The complaint sets forth two causes of action for damages. They are separately stated and numbered. The first charges the defendant with having unlawfully taken from the possession of the plaintiff a pair of horses and a buggy and converted them to his own use, and with having seriously injured them in the course of such use. The second charges the defendant with an assault and battery upon the plaintiff while the plaintiff was engaged in an endeavor to regain the possession of said horses and buggy. The defendant demurred to the complaint on the ground that it appeared upon its face that two causes of action had been improperly united. The demurrer was overruled apparently on the authority of Griffith v. Friendly, 30 Misc. Rep. 393, 62 N. Y. Supp. 391, and the defendant appealed. That case does not apply here. Aside from the fact that in said case the allegations in the complaint relating to the personal injuries were not separated from the other allegations therein relating to the injury for the wrongful taking of the property from plaintiff's possession, the defendants, by demurring to the complaint, conceded that they were trespassers in wrongfully taking the property, that in the course of such trespass they also committed an assault and battery upon plaintiff, and that the whole occurrence constituted but one transaction. So, in Lamming v. Galusha, 135 N. Y.

239, 31 N. E. 1024, the nuisance complained of which caused injury to plaintiff's real property and person was a continuing one. Under subdivision 9 of section 484 of the Code of Civil Procedure a plaintiff may unite in the same complaint two or more causes of action founded upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the preceding subdivisions of said section. It is under this subdivision that the interlocutory judgment must be sustained, if it can be sustained at all. Even upon the assumption, therefore, that the first cause of action is founded upon a transaction within the meaning of that word as used in the subdivision referred to, the test is whether the second cause of action is founded on, or closely connected with, the same transaction. Upon the application of this test it cannot be held that an assault and battery committed not in the course of, but subsequent to, a conversion, is of that character. Even two causes of action which originated simultaneously may not always be united in the same complaint. De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455.

The interlocutory judgment should be reversed, and judgment ordered for the defendant, with costs in the court below and of this appeal, with leave to plaintiff to amend his complaint upon payment of such costs. All concur.

