(109 App. Div. 178.)

PEDDIE v. GALLY.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER.

    Where defendant authorized his collector to go to plaintiff's rooms and take away furniture purchased by plaintiff, an assault committed on plaintiff by the collector while in plaintiff's rooms to get the furniture was committed in the course of his employment, and defendant was liable therefor.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1221, 1231.]

Appeal from Queens County Court.

Action by Catherine Peddie against Leopold Gally. From a judg-ment for plaintiff, and from orders denying motions to dismiss and for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Fred G. De Witt, for appellant.

James J. Conway, for respondent.

WOODWARD, J. The plaintiff has recovered damages against the defendant to the amount of $500 for an assault and battery com-mitted upon her by the defendant's installment collector, one Boxer, on February 2, 1903. The undisputed evidence shows that Boxer called at the plaintiff's rooms to collect an alleged balance due the defendant upon a bedstead which the latter had sold to her and for which she claimed to have completed the payments. Boxer forced his way into her room, seized her, threw her down, and kicked her. He then called in the defendant's driver and removed the bedstead. Altogether he inflicted upon the plaintiff injuries for which the amount of the verdict is no more than adequate, and the judgment should be sustained if Boxer committed the assault in the course of his employment by the defendant. Mott v. Consumers' Ice Co., 73 N. Y. 543. Any lack of proof in the plaintiff's case on this, the only important point, is amply supplied by the testimony of the defend-ant who was his only witness. As to the authority of his collector, he merely testified that he had never given him instructions to go to the plaintiff's "to get a bedstead or any other thing." On his cross-examination, however, he admitted that his driver and Boxer were the two men referred to in his verified answer (paragraph 4) reading in part, "while defendant, by his servants and employés, was removing said property," etc. And on the redirect examina-tion, he said: "The bookkeeper informed me that they (Boxer and the driver) were there. That is all the information I had." Obviously the fair inference from his testimony and the pleading is that his servants were authorized to go to the plaintiff's rooms and take the furniture.

It follows that the assault was committed in the course of the em-ployment, and, no reversible error appearing, the judgment and orders should be affirmed, with costs. All concur.