## WAALER v. GREAT NORTHERN RAILWAY CO.

The complaint in an action for an assault on plaintiff by an employe of defendant railroad company alleged that the assault was made by such employe while acting within scope of his authority, but did not allege that the assault was either expressly or impliedly authorized by defendant. A demurrer thereto having been sustained on appeal, plaintiff amended the complaint by adding allegations that plaintiff after being advised by defendant's section foreman and his crew at the time of the assault, that they were instructed to construct a fence by defendant company, and proposed and intended so to do, notwithstanding plaintiff's protest for P., the owner of the land; that plaintiff said to the crew that he would remove such part of the fence then constructed if it was not removed, and would remove other fences on the land of P., and had with him an axe to tear down and remove the same, all for the purpose of preventing a trespass on P's land so being committed and threatened by defendant company by and through the section crew. **Held,** that such allegations showed that the assault on plaintiff was apparently for the purpose of continuing the work in· the· construction of the fence, and to prevent plaintiff from interfering therewith, and that the prior decision sustaining the demurrer was not applicable as the law of the case.

Plaintiff was directed by the owner of certain land to go and forbid workmen on defendant's railroad from erecting a fence. Plaintiff went, and the workmen refused to desist, whereupon plaintiff pro-

cured an axe and returned to the place, and not only forbade the workmen from continuing to construct the fence, but laid his axe thereon, and threatened, if they continued, to destroy the fence, as fast as it was completed, whereupon one of the workmen committed an assault on plaintiff. **Held,** that the defendant was liable for the assault, under the rule making a master responsible for the acts of the servant within the general scope of the servant's employment while engaged in the master's business and in the furtherance thereof, even if the servant's acts are done wantonly and willfully, and regardless of the fact that more force was used than was necessary, and that plaintiff was unnecessarily injured.

In an action against a railroad company for an assault committed by one of the members of a section crew, evidence **held** to justify a finding that the crew were employees of defendant.

Where plaintiff was assaulted by members of defendant's section crew in an endeavor to prevent them from construcing certain fences on the land of plaintiff's employer, proof that the foreman of the crew was directing the work and giving orders to the men under his charge to erect the fence was sufficient to establish his authority from defendant so to do.

(Opinion filed, June 24, 1908.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by Lars O. Waaler against the Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Winsor & McNaughton* and *Hanten & Loucks,* for appellant.

The declaration of an agent cannot be offered to establish his agency. Civil Code,, Sec. 1677; Jones on Evidence, Sec. 36; Walter A. Wood Co. v. Crow, 30, N. W. 600. The agency of an unidentified person was proven by his mere declaration and his other statements received to bind defendant. Even had the agency been proven, his declarations made at the time they were should not have been considered as a part of the res gestae. First National Bank v. North, 41 N. W. 736; Plymouth County Bank v. Gilman, 52 N. W. 869.

*Case & Shurtleff,* for respondent.

The master is responsible for the torts of his servants done with a view to the furtherance of the master's business whether the same be done negligently, wantonly, or willfully, but within the

scope of his employment. Am. & Eng. Enc. of Law, 2d Ed. Vol. 14, p. 817; Higgins v. Watervleit Turnpike Co., 46 N. Y. 23; Howe v. Newmarch, 12 Allen 149; Hewitt v. Swift, 3 Allen 421: Southwick v. Ellis, 7 Cush. 385; Moore v. Fitchburg Railway Co., 4 Gray 465; Railway Co. v. Zantziger, 47 L. R. A. 289; Pierce v. Railway Company, 44 L. R. A. 316. A master is liable if an employe inflicts injuries in the duties assigned to him. Case v. Hulsebush, 26 So. 155; Walsh v. West Jersey & S. Ry. Co., 42 Atl. 736; Balt. Consolidated Ry. Co. v. Pierre, 43 Atl. 940; Nelson Business College v. Lloyd, 46 L. R. A. 314.

CORSON, J. This is an action instituted by the plaintiff to recover damages for an alleged personal injury sustained by him by reason of an assault by one of the section men, claimed to have been employed by the defendant under the direction of the foreman of the section crew. Verdict and judgment being in favor of the plaintiff, the defendant has appealed.

This action was before us at a former term of this court on an appeal from an order overruling the demurrer to the complaint, and which order was reversed by this court. The decision is reported in 18 S. D. 420, 100 N. W. 1097, 70 L. R. A. 731. On the going down of the remittitur, the plaintiff amended his complaint and at the commencement of the trial the defendant objected to any evidence under the amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and that the judgment in the former action was res adjudicata and conclusive in the present action. This contention of the appellant is in our opinion untenable. The amended complaint contains very material allegations that were not contained in the original complaint, and which have the effect of bringing the case within the rule holding a defendant liable for the act of his servant or employe. The principal amendment is made in paragraph 5 of the complaint, and is as follows: "And after being advised by the said Henry Doust and said crew at said time that they were instructed to construct said fence by said defendant company, and proposed and intended so to do, notwithstanding the protest of the said plaintiff, for said Berit Pramhus, plaintiff said to said crew then and there that he

would remove such part of the fence then constructed, if it was not removed, and would remove any other fence erected upon the land of the said Berit Pramhus, and had with him at said time an ax for the purpose of preventing the trespass upon the said land of the said Berit 'Pramhus so being committed, and threatened to be committed by the said defendant company by and through the section crew." It will be observed from the foregoing allegation that the plaintiff, as the agent of Berit Pramhus, the owner of the land, not only forbade the foreman of the section crew to proceed with the building of the fence, but threatened to remove such part of the fence then constructed if it was not removed, and that he would remove any other fence constructed or placed upon the land, and had with him at said time an ax for the purpose of breaking down said fence. It thus affirmatively appears that the plaintiff was threatening to forcibly prevent the erection of said fence, and that the acts of the defendant in making the assault upon the plaintiff were apparently for the purpose of continuing the work in the construction of the fence, and to prevent the plaintiff from interfering therewith. The decision of this court, therefore in sustaining the demurrer to the former complaint does not constitute the law of the case, and the judgment therein cannot be regarded as res adjudicata in the present action.

The contention of the appellant that the complaint as amended does not state facts sufficient to constitute a cause of action is in our opinion untenable. The true rule as to the liability of a master for the acts of his servant seems to be that for the acts of the servant within the general scope of his employment while engaged in his master's business, and done with the view of the furtherance of that business and in the master's interest, the master will be responsible, even if the acts be done wantonly and willfully. Rounds v. D., L. & W. Ry. Co., 64 N. Y. 129, was a case in which the plaintiff jumped upon the platform of a baggage car on the defendant's road to ride to a place where the cars were being backed to make up a train. The rules of the company required the baggage master to allow no person on the baggage car. The baggage-man ordered the plaintiff off while the car was in motion. A pile

of wood was near the track. Plaintiff replied that he could not get off because of the wood, whereupon the baggagemaster kicked him off and he fell against the wood, and then under the cars, and was injured. The court held that the fact that the plaintiff was a trespasser was not a defense, and that the evidence was sufficient to authorize the submission of the defendant's liability to a jury, and in the opinion the court, speaking by Mr. Justice Andrews, says: "It is·in general sufficient to make the master responsible that he gave to the servant an authority, or made it his duty to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment. The master in that case will be deemed to have consented to and authorized the act of the servant, and he will not be excused from liability, although the servant abused his authority or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders. The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another." In the case of Cohen v. Railway Co., 69 N. Y. 170, it is disclosed by the record that the plaintiff, while traveling in a buggy along the street in the city of New York, was stopped by a blockade of vehicles just as he had crossed defendant's track. The rear of the buggy was so near the track that a car could not pass without hitting it. A car came up, the driver of which after waiting a moment or two ordered the plaintiff to get off the track. Plaintiff was unable to move either way, and so notified the driver, but the driver immediately drove on, striking and upsetting plaintiff's buggy and injuring him. The Court of Appeals of New York held that the question was·one of fact for the jury, and that the dismissal of the complaint by the trial court was error, and in its opinion approved the rule as laid down by Mr. Justice Andrews in Rounds v. D., L. & W. Ry. Co., supra. In Peddie v. Gally, 109 App. Div. 178, 95

N. Y. Supp. 652, the Supreme Court of New York, Appellate Division, Second Department, held: "Where defendant authorized his collector to go to plaintiff's rooms and take away furniture purchased by plaintiff, an assault committed on plaintiff by the collector while in plaintiff's rooms to get the furniture was committed in the course of his employment, and defendant was liable therefor." The Supreme Court of New York in the late case of Griffith v. Friendly, 30 Misc. Rep. 393, 62 N. Y. Supp. 391, in its opinion says: "It is contended by the learned counsel for the defendants that the master cannot be held liable for the personal injuries to the plaintiff inflicted by his servants. If the master in this case authorized his servants to take the property in question from the plaintiff, and through lack of judgment or discretion they went beyond the strict line of their duty or authority, and inflicted a personal injury upon her, the master is liable. Cohen v. Railroad Co., 69 N. Y. 173; Rounds v. Railroad Co., 64 N. Y. 129. In Levi v. Brook, 121 Mass. 501, the learned Supreme Court of Massachusetts held: "A master who orders his servants to go to the house of a person named and remove certain furniture, if the sum due the master thereon is not paid, is liable for a willful assault committed by the servants, if done in the execution of the order, and not for some private end or advantage of the servants." Barden v. Felch, 109 Mass. 154. In Jackson v. Am. Tel. & Tel. Co., 139 N. C. 347, 51 S. E. 1015, 70 L. R. A. 738, the learned Supreme Court of North Carolina held: "A telephone company is liable for the act of its servant charged with the duty of setting poles and stringing wires over a certain route in causing the arrest of a landowner along the route to get him out of the way in order that poles may be erected and wires strung over his property against his will." It will be observed that this case is in point for the reason that the unlawful arrest of the landowner was very analogous to the case at bar, of an assault made upon the servant of the landowner.

It is further contended by the appellant that the plaintiff's evidence does not support the verdict and judgment, but in our opinion this contention is untenable. The evidence fully sustains the allegations of the complaint, that the plaintiff was directed by Berit Pramhus to go and forbid the workmen from erecting the

fence; that he did go and the workmen refused to desist, and continued the work; that he went back to the house and procured an ax and returned to the place where the workmen were engaged in erecting the fence, and not only forbade them from continuing the construction of the fence, but laid his ax upon the fence, and threatened, if they continued the work to destroy the fence as fast as it should be completed. In order, therefore, for the workmen to continue their work and construct the fence, it was necessary to forcibly resist the acts of the plaintiff, and in so doing it may be that more force was used than was necessary and that the plaintiff was unnecessarily injured, but this fact, as we have seen from the authorities, does not relieve the defendant from liability for the injury inflicted upon the plaintiff. We are of the opinion, also, that the evidence was sufficient to warrant the jury in finding that the workmen were employed by the defendant railroad company. The evidence clearly shows that the defendant railroad company was running the trains over the road, received the receipts for passenger and freight and the reports of the officers, paid the employees, and generally managed the affairs of the road. The fact that the road was constructed some years prior to the alleged assault by another company, and was formerly owned and operated by that company, was not material, as the defendant was in charge of the road, operating the same at the time of the alleged assault and the men constructing the fence were employed by that company and paid by it. This was sufficient to render the defendant liable in this action. Mr. F. M. Jones, called as a witness on behalf of the plaintiff, testified as follows: "I live at Watertown, S. D. I have lived there five years this coming August. I am agent for the Great Northern. I have been in that position ever since I came here. The road runs southwest of here to Huron. I have always called the road between Watertown and Huron the Great Northern. Our transportation over that line west from Watertown is sold over the Great Northern. The waybills are marked Great Northern first line on the top, and in smaller letters the bills are marked, Duluth, Watertown & Pacific. When we bill freight West, we bill it the same. I think it is the same as Huron. We make our report to the Great Northern Railway Company at St.

Paul, and get them back from the same. I get my pay from the same. This section gang draws its pay from the Great Northern Railway. It drew its pay January 1, 1903, the same as it does now. I think I know Henry Doust. I knew him in January, 1903. His position with the company at that time was section foreman. I think Henry Doust was section foreman in 1903. That crew worked through Watertown to one mile east of Grover. Doust draws his pay from the Great Northern the same as other crews." It clearly appears from the evidence that Pramhus' land was west of Watertown, and within the section in which Doust was foreman.

The contention of appellant that no express authority was shown in the foreman to construct this fence by the defendant company, and that, therefore, it is not liable, is untenable. It is sufficient for the plaintiff to show that the foreman or the section boss on the road was directing the work and giving orders to the men under his charge to erect the fence. The reasonable and fair inference from these facts which the jury was authorized to draw was that the section boss was performing his duties under the direction of the defendant.

The court in its charge to the jury stated the rule of law applicable to this case very fairly and clearly, and under the evidence and the charge of the court we are of the opinion that the verdict of the jury was fully justified.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.