HAYES, Respondent, v. BATTLE CREEK POWER COMPANY, Appellant.

(249 N. W. 629.)

(File No. 7511. Opinion filed July 18, 1933.)

386

*Bangs & Rudesill,* of Rapid City, for Appellant.
*Joseph Coursey,* of Rapid City, for Respondent.

RUDOLPH, P. J. ██ The plaintiff brought this action to recover wages. The principal assignment of error raises the sufficiency of the evidence to sustain the verdict and judgment. The record concedes the fact that plaintiff is entitled to the amount he claims. The defendant contends that plaintiff was working for the Keystone Consolidated Mines Company, and not for it. The question is: For whom was plaintiff working? This question is primarily one for the jury, and our only consideration is whether the evidence was sufficient to warrant the jury in finding that the plaintiff was working for defendant. Waaler v. Railway Company, 22 S. D. 256, 117 N. W. 140, 18 L. R. A. (N. S.) 297.

The evidence disclosed that the Keystone Consolidated Mines Company was a corporation operating some mines in the Black Hills. In operating these mines it was necessary for the corporation to have electric power, and it purchased and installed three Diesel engines at Keystone on the grounds of the mining company. These engines developed a surplus of electricity over and above that needed to operate the mines, and it was the desire of the mining company to sell and distribute in the town of Keystone this surplus electricity. The mining company had no authority under its charter to do this, so the defendant corporation, Battle Creek Power Company, was organized for the purpose of selling and distributing this surplus electricity. The plan was that the power company would purchase this electricity from the mining company and sell and distribute it to the consumer. The officers of the power company were identical with those of the mining company. The offices of both companies were in the same room, and the same bookkeeper kept the books of both corporations. The plaintiff testified that he was employed by the defendant, Battle Creek Power Company, and that he was working for that company. The exact

nature of plaintiff's work is not disclosed, except that Mr. Byron, the president and treasurer of both companies, testified: "Mr. Hayes worked in the power house and assisted in the manufacture and distribution of this light and power."

It is impossible, therefore, to tell for whom plaintiff was working from the nature of his work. The mining company's function was to manufacture this light and power, and the power company's function was to distribute the power. According to Mr. Byron's testimony, the plaintiff in his work assisted in both of these functions. The plaintiff also established that he was a consumer of electricity, and that he paid his regular monthly bills to the power company so long as he received his wages each month. However, when it became impossible to pay the plaintiff regularly, he no longer received any statements of his account for light. It is also undisputed that on one occasion the account of this plaintiff was debited with the light bill of Harry Biddle by the power company on the order of the plaintiff. On this occasion the plaintiff received from Mr. Eyrich, the vice president of both companies, the following letter:

"Mr. Edwald Hayes,
"City.

"Dear Edwald: As per your order to Harry Biddle we have debited your account with the amount of his light bill which is $15.89.

"Yours very truly,

"Battle Creek Power Co., Inc.

"H. R. Eyrich."

We are of the opinion that the above evidence was sufficient to warrant the jury in finding that the plaintiff was in fact employed by the defendant, Battle Creek Power Company. It is undisputed that the wages paid to the plaintiff were, with the exception of three different occasions, paid with checks of the mining company. However, the payment of wages is not in any sense conclusive of the question here involved.

"The fact that the servant's compensation was paid by the person alleged to be his master is the least conclusive of the tests to determine the relations." See note to Hardy v. Shedden Company, 37 L. R. A. 39.

The real test to be applied in this case is: Under whose control and direction was defendant working? Cockran v. Rice, 26 S. D. 393, 128 N. W. 583, Ann. Cas. 1913B, 570. It is our opinion that the facts established by the plaintiff were sufficient for the jury to determine that the plaintiff was in fact under the direction and control of the defendant, Battle Creek Power Company.

It is the position of the appellant that it is undisputed that the plaintiff was in fact working for the mining company, and that the only theory upon which a recovery could be sustained is that there is such a unity of interest between the two corporations that their individuality has ceased, and the appellant contends that the facts do not support any such conclusion in this case. However, being of the opinion that the evidence is sufficient, conceding the individuality of the two companies, to submit to the jury the question of whether, in fact, the plaintiff was employed by the defendant company or the mining company, it is unnecessary to consider the appellant's contention.

The judgment and order appealed from are affirmed.

POLLEY, ROBERTS, and WARREN, JJ., concur.

CAMPBELL, J. (dissenting). Possibly respondent might be entitled to recover from appellant on the theory that he had rendered valuable services with appellant's knowledge and consent whereby appellant benefited, and that, under the circumstances disclosed by the record, good conscience would demand that appellant pay therefor. Respondent, however, did not proceed in this case upon any such theory. He saw fit to declare upon an express contract whereby he said appellant employed him and promised to pay him a certain salary. As to any contract of employment between respondent and appellant, it seems to me there is an utter failure of proof, and, in fact, that the record shows affirmatively that the contract of employment, and the only contract of employment that ever existed, was between respondent and the Keystone Consolidated Mines, Inc.

The action being upon express contract and no contract being proved, I think appellant's motion for judgment n. o. v. should have been granted. Upon these considerations, I am unable to concur with the majority of the court in this case.