DAVID A. LAMMING, Appellant, *v*. NORMAN H. GALUSHA et al., Respondents.

A plaintiff having a cause of action which entitles him to an injunction restraining the unlawful maintenance and operation of a railroad in a street in front of his premises, by reason of its continuous interference with his rights of property, may unite with a demand for such equitable relief and for damages, because of such interference, a claim for a personal injury suffered on a particular occasion from the same wrongful appropriation and use of the highway.

While the injuries are distinct in character, they both proceed in a general sense from the same wrong and are "transactions connected with the same subject of action," within the meaning of the Code of Civil Procedure (§ 484), authorizing the union of two or more of such causes of action in one complaint.

An allegation of negligence on the part of the defendants in the operation and management of a train, which the complaint alleges caused the special injury is not necessary, as the unauthorized and continuous obstruction of the highway is a public nuisance, and a person sustaining a special injury therefrom is entitled to recover his damages, irrespective of the question of negligence at the time of the injury.

*Lamming* v. *Galusha* (53 Hun, 32), reversed.

(Argued June 6, 1892; decided October 4, 1892.)

Appeal from an interlocutory judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which reversed an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and sustained a demurrer to the complaint.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*Henry W. Conklin* for appellant. So far from setting forth a cause of action for negligence, improperly joined with one for the maintenance of a nuisance, no negligence is pleaded by plaintiff. This is a point decisive of the case and must have been overlooked by the General Term. (*Sullivan* v. *N. Y., N. H. & H. R. R. Co.*, 1 Civ. Pro. Rep. 289; *Trenndlich* v. *Hall*, 7 id. 62; *Good* v. *Daland*, 122 N. Y. 1; *Congreve* v. *Smith*, 18 id. 79; *Irvine* v. *Wood*, 51 id. 228; *Clifford* v. *Dam*, 81 id. 56.) Only one cause of action is set forth in the complaint. (*Lynch* v. *M. E. R. Co.*, 129 N. Y. 274; *Fanning* v. *Osborne*, 34 Hun, 121; *F. P. B. Co.* v. *Smith*, 30 N. Y. 44, 62; *Clarke* v. *Blackmar*, 47 id. 150, 153; *Crooke* v. *Anderson*, 23 Hun, 266; *Farrell* v. *Mayor, etc.*, 20 N. Y. S. R. 12; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98, 123; *Callanan* v. *Gilman*, 107 id. 360; *Heeg* v. *Licht*, 80 id. 579; *Messenger* v. *M. R. Co.*, 129 id. 502.) If the complaint can be construed as setting forth two or more causes of action, they are properly united for the reason that they are brought "upon claims arising out of the same transaction or transactions connected with the same subject of action." (Code Civ. Pro. § 484, subd. 9; *Shepard* v. *M. R. Co.*, 117 N. Y. 442; *Howe* v. *Peckham*, 10 Barb. 656; *Rosenberg* v. *S. I. R. Co.*, 38 N. Y. S. R. 106; *Wiles* v. *Suydam*, 64 N. Y. 173; *Adams* v. *Popham*, 76 id. 410; *Leonard* v. *Spencer*, 108 id. 338; *Chapman* v. *City of Rochester*, 110 id. 273; *McCrea* v. *N. Y. E. R. R. Co.*, 13 Daly, 302.)

*Cassius C. Davy* for respondent.   The defendants are not deprived of the right to demur by the fact that plaintiff has united all the causes of action in one count, or by reason of the fact that two causes of action are not separated or stated to be independent of each other, and they are not separately numbered.  (*Golding* v. *Utley*, 60 N. Y. 427; *Wiles* v. *Suydam*, 64 id. 173; *Stanton* v. *M. P. R. Co.*, 15 Civ. Pro. Rep. 296.)   There is a misjoinder of causes of action shown by the complaint.  (Code Civ. Pro. § 484; *N. Y. & H. R. R. Co.* v. *Schuyler*, 17 N. Y. 582; *Sullivan* v. *N. Y., N. H. & H. R. R. Co.*, 1 Civ. Pro. Rep. 285; *Teal* v. *City of Syracuse*, 32 Hun, 332; *Townsend* v. *Coon*, 7 Civ. Pro. Rep. 52; *Taylor* v. *M. E. R. Co.*, 20 J. &. S. 299.)   The causes of action set up in the complaint in the case at bar did not arise out of the same transaction.  (Pom. on Rem. 505; *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Butler* v. *Kent*, 19 Johns. 223; *Olmstead* v. *Brown*, 12 Barb. 657, 662; *Moody* v. *Baker*, 5 Cow. 351, 359; *Kendall* v. *Stone*, 5 N. Y. 15, 20; *Addington* v. *Allen*, 11 Wend. 375, 412; *Clark* v. *Brown*, 18 id. 212, 229; *Williams* v. *D. & L. R. Co.*, 39 Hun, 430, 433; *Whitmore* v. *Bischoff*, 5 id. 176; 101 N. Y. 117; *Curtis* v. *R. & S. R. Co.*, 18 id. 534.)

ANDREWS, J.   The question presented by the demurrer is whether in an action for maintaining a nuisance in constructing and operating a steam railroad in a public highway without authority, brought by the owner of lands injuriously affected by the road, and whose property rights are invaded thereby, in which the plaintiff demands relief by way of injunction and special damages to his real property, occasioned by the nuisance, he may claim in the same action damages for a personal injury sustained from the operation of the road, without negligence on his part, from being thrown from a wagon while driving along the highway on which the railroad was constructed, in consequence of his horses being frightened by the noise of a passing engine and train, and escaping from his control.

The demurrer is for an alleged misjoinder of these causes of action. The allegations in the complaint relating to the personal injury are not separated from the other allegations therein relating to the injury to the real property, so as in form to constitute a separate cause of action, but are blended with them. But a defendant is not deprived of the right to demur to a complaint for misjoinder of causes of action distinct in themselves, and which cannot be united because they are not separately stated or numbered. (*Golding* v. *Utley*, 60 N. Y. 427.) It is well settled that any unauthorized and continuous obstruction to a public highway constitutes a public nuisance (DENIO, J., *Davis* v. *Mayor, etc.*, 14 N. Y. 524), and an action for damages lies in favor of any person sustaining a special injury in his person or property therefrom against the party who erected or maintained it. There can be no doubt that the plaintiff could have brought an ordinary legal action for damages for personal injury based upon the allegations in the complaint. The complaint contains no allegation of negligence on the part of the defendants in the operation or management of the train at the time of the alleged injury. Nor was this necessary. Negligence of the defendant is not ordinarily an essential element in an action for damages sustained by reason of a nuisance. The action is founded on the wrongful act in creating or maintaining it, and the negligence of the defendant, unless in exceptional cases, is not material. (*Congreve* v. *Smith*, 18 N. Y. 82; *Clifford* v. *Dam*, 81 id. 56. The General Term seems to have been under a misapprehension in supposing that the complaint set out a cause of action for the physical injury of the plaintiff, based on negligence. This was not the gravamen of the complaint) The complaint alleges the unlawful obstruction of the highway, and then follows an enumeration of the injuries sustained by the plaintiff to his real property by reason of the nuisance, and of the physical injury, stating time, place and circumstances. If the sole cause of action was the personal injury, the plaintiff would be confined to the ordinary action for damages and could not maintain a claim for equitable relief by

injunction. In that case the legal remedy for the wrong suffered by the plaintiff would be complete and adequate. An action by a private person to restrain the continuance of a public nuisance will only lie when the nuisance and the injury suffered are continuous, affecting the value of his property or the exercise of his personal rights, or impairing his health and comfort in connection with the enjoyment of property. In such case to prevent multiplicity of action and to give final relief, he may invoke the equitable power of the court. But the possibility that a traveler injured on the highway by a railroad train unlawfully thereon may, on some future occasion, be subjected to a similar injury, does not entitle him to maintain an action for an injunction. But the question here is whether a plaintiff having a cause of action which entitles him to an injunction restraining the maintenance and operation of the railroad by reason of its continuous interference with his rights of property may unite with the demand for equitable relief by injunction and for damages for such interference, a claim for damages for a personal injury suffered on a particular occasion from the same wrongful appropriation and use of the highway; or in other words, whether he may unite in a single action all his claims, legal and equitable, which arise in consequence of the same general cause, viz., the nuisance maintained by the defendant. This is a question of procedure governed by the course and practice of the court, or by the statute, if made the subject of statute regulation.

We are of opinion that the causes of action were properly united under section 484 of the Code of Civil Procedure, which authorizes the plaintiff to unite in his complaint two or more causes of action, whether such as were formerly denominated legal or equitable, or both, in the cases specified, and among others: "Sub. 9. Upon claims arising out of the same transaction or transactions connected with the same subject of action and not included within one of the foregoing subdivisions." The subject of the action in this case was the injury committed by the defendant in maintaining a public nuisance which subjected the plaintiff to injuries specified,

viz.: Injury to real property and personal injury. The injuries were distinct in character, and while the injury to the real property was continuous, a physical injury was consummated when first inflicted. But they both proceeded in a general sense from the same wrong, the unlawful obstruction of the highway by the defendant, and they were all, we think, "transactions connected with the same subject of action" within the meaning of section 483, and may properly be redressed in a single action. This conclusion is in harmony with the general principle of equity jurisprudence, which aims at complete and final relief in a single action in respect of all matters between the same parties, growing out of the same general transaction. It is supported by the significant language of the court in *Chapman* v. *City of Rochester* (110 N. Y. 276), which was an action to restrain the pollution of a stream and for damages. DANFORTH, J., said: "Moreover the plaintiff is found to have sustained a special injury to his health and property from the same cause, and we find no reason to doubt that he is entitled not only to compensation for damages thereby occasioned, but also to such judgment as will prevent the further perpetration of the wrong complained of." (See also *Shepard* v. *Man. Rway. Co.*, 117 N. Y. 442.) These views lead to a reversal of the judgment of the General Term and an affirmance of the judgment of the Special Term, with costs.

All concur.

Judgment accordingly.

Said judgment was amended by order entered October 28, 1892, by adding thereto the following: "With leave to the defendants to withdraw their demurrer and answer within twenty days after filing of the remittitur in the Supreme Court, entry of an order or judgment thereupon and service of a copy thereof with notice of its entry, upon payment by the defendants to the plaintiff of costs of the General Term of the Supreme Court, and of this court."