### CHALMERS v. MURPHY et al.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

ACTION (§ 38*)—CAUSES OF ACTION.

Where plaintiff, who controlled the stock of one chemical company and owned stock in a second chemical company which had licensed the first to manufacture one of its patented products, was induced by defendants' fraudulent misrepresentation to sell his stock in the first company for .much less than its true value, and by reason of defendants' purchase of the first company they became licensed to manufacture the product of the second company without paying it a royalty, damaging plaintiff as a stockholder, plaintiff has but a single cause of action for fraud and deceit arising out of the transaction, although he may be entitled to different items of damages, and hence, though the two items were stated in separate counts, the complaint is not open to demurrer for improper joinder of causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Harry B. Chalmers against Franklin Murphy and the Murphy Varnish Company and another. From an order sustaining a demurrer to the second amended complaint, plaintiff appeals. Reversed.

See, also, 157 App. Div. 918, 142 N. Y. Supp. 1112.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold A. Content, of New York City (George Gordon Battle, of New York City, on the brief), for appellant.
Howard E. White, of New York City, for respondents.

LAUGHLIN, J. The grounds upon which the demurrer was interposed are that it appears upon the face of the second amended complaint that the two causes of action therein pleaded have been improperly united, in that they do not belong to any one of the several subdivisions of section 484 of the Code of Civil Procedure, are not consistent with each other, do not arise out of the same transaction, and that one is on contract and the other in tort.

---

After the service of the original complaint, the respondents moved for an order requiring the plaintiff to separately state and number his causes of action. The plaintiff in the original complaint, as in the one now before the court, alleged that, he owned more than a controlling interest in and in fact nearly all the capital stock of the Chalmers Chemical Company, a West Virginia corporation, which was engaged in selling a varnish remover known as "Phenoid" pursuant to a license from the Chadeloid Chemical Company, also a West Virginia corporation, which owned letters patent for the manufacture of Phenoid, and that the defendants by false and fraudulent representations induced him to sell his stock for less than its value to his damage in the sum of $102,218.52, and that he also owned 150 shares of the capital stock of the Chadeloid Company, and that such capital stock and his interest in the company was injured to the extent of $18,000 by the sale of his stock in the Chalmers Company, owing to the fact that the defendants, who owned and controlled another corporation known as the Ideal Manufacturing Company, which was paying the Chadeloid Company a royalty of $15,000 per annum for a license to use its patents in the manufacture of Phenoid, were thereby enabled to manufacture and sell Phenoid through the Chalmers Company, which had a free license so to do.

The motion to have the causes of action separately stated and numbered was denied on the theory, as shown by the memorandum opinion, that only one cause of action embracing two items of damage was stated. Plaintiff thereupon, evidently with a view to meeting some criticism on his pleading, amended the complaint by alleging more definitely the manner in which he claimed his stock and interest in the Chadeloid Company were damaged by the sale of his stock in the Chalmers Company. The respondents then renewed their motion to have the causes of action separately stated and numbered, and that motion was granted. Plaintiff thereupon served the present pleading, known as the second amended complaint. Respondents next moved to require plaintiff to elect between his causes of action. That motion was denied at Special Term, and on appeal the order was affirmed, without opinion by this court. Respondents then interposed the demurrer from the order sustaining which this appeal has been taken.

In addition to facts which need not be restated, the plaintiff alleges in the first count that he was in control of and managed the Chalmers Company; that the defendants Mears and Stewart were in its employ; that all of the defendants conspired to injure it by spreading false representations with respect to the merits of Phenoid, which it was manufacturing and selling pursuant to said license, by underbidding it in the sale of competing products, by corruptly influencing purchasers in giving competing products a preference, by representing that respondents, or one of them, or a concern associated with or allied with them, had acquired a controlling interest in the Chadeloid Company and were therefore at liberty to manufacture and sell Phenoid without paying a royalty and, in effect, could sell it as well as their own products if they deemed it as valuable; that it was no longer necessary for the Ideal Company to pay the royalty of $15,000 per annum to the Chade-

loid Company; that these representations, with respect to the ability of the respondents and defendant Bissell to injure and destroy the business of the Chalmers Company and its stock and other representations calculated to have a like effect, were false and were made to plaintiff to induce him to sell his stock to defendant Mears under an agreement that the latter would not assign or otherwise dispose of it to the respondents or to defendant Bissell or to any interest allied with them, whereas he was acting for them in its purchase; that plaintiff was thus induced to sell the stock for $15,000, when it was worth $117,218.52.

In the second count plaintiff realleges, by reference, most of the allegations of the first, and further alleges that the Chadeloid Company had granted to the Ellis-Chalmers Company and to its successor, the said Chalmers Company, a free license to manufacture and sell Phenoid under its letters patent, and was receiving from the Ideal Manufacturing Company, for a like license to manufacture, the sum of $15,000 per annum; that respondents and defendant Bissell owned and controlled the Ideal Manufacturing Company; that plaintiff owned 150 shares of stock in the Chadeloid Company; that plaintiff was fraudulently induced to sell his stock in the Chalmers Company to Mears, who immediately, in violation of his agreement with plaintiff, transferred it to respondents and to defendant Bissell, who, unbeknown to plaintiff, were in reality the purchasers, and thereby they acquired a free license to use the Chadeloid Company's patent and became relieved of the payment of $15,000 per annum for the privilege of manufacturing and selling through the Ideal Manufacturing Company; and that thereby the value of stock in the Chadeloid Company was decreased and the value of the plaintiff's shares therein was reduced by the sum of $18,000. Judgment was demanded for both items.

The plaintiff by bringing this action has, of course, affirmed the sale of his stock in the Chalmers Company. The respondents contend that the recovery must therefore be limited to the difference between the price received for the stock and the market value thereof at the time he was fraudulently induced to part with the title, and that his cause of action, if any, with respect to the depreciation in value of the Chadeloid Company stock or his interest in that company, is for the breach of the agreement by the purchaser of his Chalmers Company stock not to sell it to the respondents and to the defendant Bissell. The argument made in support of the appeal appears to be that the plaintiff has two causes of action, both sounding in tort and based on the fraudulent representations with respect to the sale of his stock, and therefore arising out of the same transaction and consistent with each other and joinable pursuant to the provisions of section 484, subd. 9, of the Code of Civil Procedure. It is quite plain that both complaints of the plaintiff with respect to damages are based on the fraudulent representations by which he was induced to sell his stock. We are of opinion, however, that such fraudulent representations gave rise to but a single cause of action on which the plaintiff may be entitled to recover different items of damages. The affirmance by this court of the order denying the motion to require the plaintiff to elect between

the causes of action, in form pleaded, was not a decision that the complaint set forth two causes of action.

We now express no opinion with respect to plaintiff's right, on the facts alleged, to recover both items of damages. We merely hold that. he has one cause of action for all of the damages sustained by the false representations by which he was induced to sell his stock. He cannot make separate causes of action out of the different items of damages which he sustained through the same wrong. The demurrer therefore should have been overruled.

It follows that the order should be reversed, with $10 costs and disbursements, and the demurrer overruled, with $10 costs, but with leave to withdraw demurrer and answer on payment of the costs of the appeal and of the demurrer.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. SCOTT, J., concurs in result.