FRANCIS B. MITCHELL, Plaintiff, v. NIAGARA, LOCKPORT
AND ONTARIO POWER COMPANY and FRED D. COREY,
Defendants.

(Supreme Court, Monroe Equity Term, March, 1917.)

Pleading — complaint — demurrer — equity — actions — parties — dam-
ages — Code Civ. Pro. § 484.

A demurrer under section 484 of the Code of Civil Procedure
will not lie to a complaint in equity when the subject of the
action is certain land and the transactions involved in the
action are connected therewith, although the complaint contains
two or more causes of action, legal and equitable, where they
all arose out of the same transactions, are embraced in one
or more of the subdivisions of said section, are consistent with
each other and the defendants are all interested in some part
of the relief prayed for and different places of trial are not
required.

A complaint in equity which charges a defendant with false
representations in obtaining a conveyance of land whereby
more land was included in the conveyance than was agreed to
be conveyed and with a failure to convey to plaintiff land which
it agreed to. convey, and which seeks to compel a conveyance
to plaintiff of the latter land, subrogating him to a claim for
compensation for a portion thereof appropriated by the state
and making the owner a party to secure such conveyance and
subrogation; to reform the deed of the first mentioned land;
a reconveyance of the excess lands; damages caused during the
occupancy of such excess lands under the alleged unlawful con-
veyance and the removal of structures on the property unlawfully
conveyed, is not demurrable under section 484 of the Code of
Civil Procedure.

DEMURRER to complaint by both defendants.

Strebel, Corey, Tubbs & Beals, for demurrer.

James M. E. O'Grady, opposed.

Rodenbeck, J.  The claims set forth in the plaintiff's complaint arose out of the same transaction or out of transactions connected with the same subject of action between him and the defendant the Niagara, Lockport and Ontario Power Company, and the defendant Fred D. Corey is interested in part of the relief asked for and is a necessary party to a complete determination of the litigation and the demurrer should therefore be overruled.

The defendants claim that there are four distinct causes of action set forth in the complaint.  This claim would be good if this were not an action in equity.  It is true that causes of action cannot be united except as provided in section 484 of the Code of Civil Procedure, but subdivision 9 is intended to include cases chiefly equitable where the causes of action arose out of the same transaction or out of transactions connected with the subject of action and thereby permits the joinder of causes of action which otherwise would require separate suits.  The plaintiff agreed to convey certain land to the defendant the Niagara, Lockport and Ontario Power Company, which in turn agreed to convey to him as a part of the consideration a triangular parcel of land.  A deed was executed by the plaintiff purporting to carry out the agreements and the consideration stipulated was paid, but the plaintiff claims that the deed was executed under false representations and that it includes land which he had not agreed to convey and that the defendant company has not conveyed to him the triangular parcel of land referred to, the title to which is now in the defendant Corey.  Out of these transactions the various claims of the plaintiff arose.  He asks to have the deed executed by him reformed, a reconveyance made to him of the land unlawfully included in the deed, damages for the occupation of such excess land and for the unlawful

removal of trees claimed by the plaintiff to be included in the conveyance and for the removal of unlawful structures placed upon the land in pursuance of the alleged illegal conveyance to him of the triangular parcel of land referred to with a subrogation to the rights of the defendant Corey to claims for damages for portions appropriated by the state. In construing the language of the complaint as involving transactions connected with the same subject of action the plaintiff is entitled to the benefit of the rule that the court must consider not only the express allegations contained therein but such facts as may be implied therefrom by reasonable and fair intendment. *Crotty* v. *Erie R. R. Co.,* 149 App. Div. 262, 263.

The claims of the plaintiff, it will be observed, are interwoven and connected with the same subject of action. There are causes of action united but the Code expressly authorizes the union of " two or more causes of action." It is no ground for demurrer that material for more than one cause of action is stated in the complaint. *Metropolitan Trust Co.* v. *Stallo,* 166 App. Div. 639, 656. A single or entire cause of action cannot be broken up into several claims and separate actions maintained thereon. *Chalmers* v. *Murphy,* 159 App. Div. 810, 814; *Secor* v. *Sturgis,* 16 N. Y. 548; *Nathans* v. *Hope,* 77 id. 420. There is a union of legal and equitable causes of action but this course is also permitted by the Code which authorizes the union of two or more causes of action whether they are " legal or equitable." There are two or more causes of action because there are violations of primary rights and a breach of such rights, but these causes of action arise out of the same transactions between the plaintiff and the defendant company, namely, the acquisition of the land necessary for its right of way or they form part of the same transactions connected with the same sub-

ject of action.  In this instance the subject of action is the land owned by the plaintiff which was desired by the company for which it made agreements with the plaintiff which the plaintiff claims it violated and out of which grew the various claims set forth in the complaint.  *Rogers* v. *Wheeler,* 89 App. Div. 435, 441.  It is not necessary in an action in equity that all of the causes of action shall belong to one only of the subdivisions of the Code section where they fall within the language of subdivision 9 nor is it necessary that all of the defendants should be equally affected by the relief asked for.  It is true even in equity that all of the defendants must be affected by the action but not that they shall be equally affected.  *New York & N. H. R. R. Co.* v. *Schuyler,* 17 N. Y. 592; *Shepard* v. *Manhattan R. Co.,* 117 id. 442; *Simar* v. *Canaday,* 53 id. 298; *Gray* v. *Fuller,* 17 App. Div. 29, 36; *Rogers* v. *Wheeler,* 89 id. 435, 442; *Mullin* v. *Mullin,* 119 id. 521; *People* v. *Equitable Life A. Soc.,* 124 id. 714, 729.  These views are in harmony with the rule that equity seeks a complete and final determination in a single action of all matters between the parties growing out of the same general transaction (*Lamming* v. *Galusha,* 135 N. Y. 239) and that where a court of equity has obtained jurisdiction of a case it will ordinarily retain it until the whole controversy is disposed of and will adapt its relief to the exigencies of the case.  *Koehler* v. *New York El. R. R. Co.,* 159 N. Y. 218, 223; *Valentine* v. *Richardt,* 126 id. 272; *Ostrander* v. *Weber,* 114 id. 95; *Witherbee* v. *Meyer,* 84 Hun, 146.  If precedents for these views are necessary they will be found in the following cases:  *Bosworth* v. *Allen,* 168 N. Y. 157; *Lamming* v. *Galusha,* 135 id. 239; *Lattin* v. *McCarty,* 41 id. 107; *Shepard* v. *Manhattan R. Co.,* 117 id. 442; *Miles* v. *Dover F. I. Co.,* 125 id. 294; *Metropolitan Trust Co.* v. *Stallo,* 166 App. Div. 639; *Porter* v. *International Bridge Co.,* 45 id. 416;

24

affd., 163 N. Y. 79; *Green* v. *Davies*, 100 App. Div. 359; *Rourke* v. *Elk Drug Co.,* 75 id. 145; *Eagan* v. *New York Trans. Co.,* 39 Misc. Rep. 111.

The interpretation of section 484 of the Code of Civil Procedure which is referred to in these decisions is well expressed by Judge Comstock in *New York & N. H. R. R. Co.* v. *Schuyler,* 17 N. Y. 592, where he says with reference to subdivision 9 of that section: "Its language is, I think, well chosen for the purposes intended because it is so obscure and so general as to justify the interpretation which shall be found most convenient and best calculated to promote the ends of justice." In *Wiles* v. *Suydam,* 64 N. Y. 173, Judge Church said with reference to this subdivision: "It is probable that the primary purpose of this provision was intended to apply to equitable actions, which frequently embrace many complicated acts and transactions relating to the subject matter of the action " (p. 178), and Professor Pomeroy said: " The language was properly left vague, so that it might not interfere with the settled doctrines of equitable procedure and pleading, practice and remedies." Pom. Rem. & Rem. R. (2d ed.) § 463. The whole section should be repealed and a modernized provision inserted in its place. It should be sufficient to provide by a rule or statute that subject to the constitutional right to a jury trial any number and all kinds of causes of action or counterclaims may be set up in the same complaint or answer subject to an order for a separate trial of any issue where it may be deemed expedient or necessary, similar to the provision found in the English, New Jersey and United States equity practice. English Pr. Rules, 0.18, r. 1; Practice Act of New Jersey, 1912, §§ 11, 12; U. S. Equity Practice, r. 26. The idea that practice in the courts is a game to be played according to rules like any other game a violation of which results in a

penalty cannot be eradicated from our practice until it is regulated by elastic rules of court instead of by fixed statutory provisions conferring so-called procedural rights.

The demurrer is overruled with ten dollars costs, with leave to defendants to withdraw their demurrer and answer within twenty days after service of an order in accordance herewith.

Demurrer overruled, with costs.