## ANTONIO DILUCEHIO vs. DAVID R. SHAW

**1. NUISANCE—NEGLIGENCE NOT AN ELEMENT.**

An action for a nuisance is based on the wrongful act of the defendant in creating or maintaining it, and under ordinary circumstances negligence is not a material element, and need not be alleged or proved.

**2. NUISANCE—DECLARATION FOR INJURY BY OPERATION OF MACHINERY HELD SUFFICIENT ON DEMURRER.**

A declaration against an adjoining landowner, alleging that defendant did "wrongfully and injuriously" operate certain machinery in its shop with a hydraulic hammer, so as to give forth heavy blows, shocks, jars, and concussions, communicated to plaintiff's dwelling, *held* sufficient, as against a demurrer based on the ground that the manner of wrongful operation of the machinery was not set out, and that no unreasonable use of defendant's property was alleged, and no duty charged on him.

*(January Term, 1922)*

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*David J. Reinhardt* for plaintiff.

*George W. Lilly* for defendant.

Superior Court for New Castle County, January Term, 1921

SUMMONS CASE, No. 7, March Term, 1921.

Demurrer to plaintiff's declaration.  Demurrer overruled.

The declaration contains three counts.  The preliminary part of each count in substance, alleges that the plaintiff, on a certain date, owned certain specified real estate in the city of Wilmington, and that the defendant owned adjoining property and operated an automobile repair shop thereon.

The first count then alleges:

"Said defendant * * * did keep, maintain and operate the said blacksmith, machine and automobile repair shop and did wrongfully and injuriously operate and use certain machinery therein by causing said machinery to give forth from time to time many and divers heavy blows, shocks, jars and concussions, and the vibrations from said blows, shocks, jars and concussions were then and there communicated to the said dwelling house of said plaintiff," etc.

The second count then alleges:

"And said defendant, in the prosecution of his said machine shop business at the times and places last aforesaid, did operate or cause to be operated a certain large and heavy piece of machinery with its appliances, commonly known as a hydraulic hammer or press, and in so doing did wrongfully and injuriously cause said hydraulic hammer or press to move with great force and violence and to give forth many heavy blows, severe shocks, jars and concussions and thereby and by means of the premises did greatly shake, jar," etc.

The defendant demurs to the first and second counts on the following grounds:

(1)   Manner of wrongfully operating machinery not set out.

(2)   No negligence of defendant alleged.

(3)   No unreasonable use of said machinery is alleged.

(4)   No duty charged upon the defendant.

HARRINGTON, J., delivering the opinion of the Court:

[1]   The first and second counts of the declaration are based on the maintenance of a nuisance. The first count alleges that the defendant did "wrongfully and injuriously operate and use certain machinery therein, by causing said machinery to give forth, from time to time, many and divers heavy blows, shocks, jars, and concussions," etc. The second count alleges that the defendant did "wrongfully and injuriously cause said hydraulic hammer or press to move with great force and violence and to give forth many heavy blows, severe shocks, jars and concussions," etc.

An action for a nuisance is based on the wrongful act of the defendant in creating or maintaining it, and, under ordinary circumstances, negligence is not a material element in such an action, and therefore need not be alleged or proved. *Lamming v. Galusha et al.*, 135 *N. Y.* 239, 31 *N. E.* 1024; *Joyce on Nuisances*, §§ 18 and 44; 2 *Wood on Nuisances, p.* 1277; 20 *R. C. L. p.* 381; 118 *Am. St. Rep.* 870. As a matter of fact, this is shown by several of the cases cited by the defendant, in support of the demurrer. *Farrand v. Marshall*, 21 *Barb.* (*N. Y.*) 409, 418; *Carhart v. Gas Co.*, 22 *Barb.* (*N. Y.*) 297. The latter case squarely presents this question by a demurrer to a plea, alleging that there was no negligence on the part of a defendant, who had been sued for the

maintenance of a nuisance. The demurrer was sustained on the ground that the question of negligence was immaterial.

[2] If negligence is not an essential element of a nuisance, it follows that the manner of wrongfully operating the machinery of the defendant need not be set out. The plaintiff does not in these counts rely on any "negligent" acts of the defendant, but on the fact that he"wrongfully" maintained a nuisance.

The following sentence, with respect to nuisances, appearing in *Saunders on Pleading & Evidence, vol. 2, p.* 464, is applicable here:

"It will suffice to describe it generally, without setting out the particulars of the defendant's acts and the means of nuisance used by him."

Nor is the failure of the plaintiff to allege any duty from the defendant to him fatal. The rights of the parties are covered by the old legal maxim, "Sic utere tuo ut alienum non laedas," and the duty of the defendant to the plaintiff is implied from the allegation of his ownership of adjoining property to that of the plaintiff. *Saunders on Pleading and Evidence, vol. 2 p.* 463.

The correctness of our conclusions as to the grounds of demurrer to the first and second counts above commented on, as well as the objection that no unreasonable use of the defendant's property is alleged, is shown by the fact that these counts substantially follow the declarations in the following cases: *Elliotson v. Feethom*, 29 *E. C. L.* 283; *Tipping v. St. Helen's Smelting Co.*, 116 *E. C. L.* 608 (1863); *Hole v. Barlow*, 93 *E. C. L.* 334 (1858); *Bamford v. Townley*, 113 *E. C. L.* 62 (1862); *Wesson v. Washburn Iron Co.*, 13 *Allen* (*Mass.*) 96, 90 *Am. Dec.* 181. See also *Chitty on Pl., vol.* 2, p. 768 et seq. and 4 *Robinson's Prac.* 809.

*Tipping v. St. Helen's Smelting Co., Hole v. Barlow*, and *Bamford v. Townley* all consider the question, as to whether the use of the property alleged to be a nuisance was reasonable, should be submitted to the jury. The declarations are set out in each case, and it is a significant fact that there was no allegation in any of them that the use of the property in question was unreasonable and no contention was made that such an allegation was, in any way, essential.

The demurrer is, therefore, overruled.